PHILIP BERTLING, Plaintiff-Appellant, v. ROADWAY EXPRESS, INC., *et al.*, Defendants-Appellees.

First District (5th Division)   No. 83—554

Opinion filed January 6, 1984.

Arnold & Kadjan, of Chicago (L. Steven Platt, of counsel), for appellant.

Vedder, Price, Kaufman & Kammholz, of Chicago (James C. Franczek, Jr., and Andrea R. Waintroob, of counsel), for appellees.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Plaintiff appeals from a final order of the circuit court which dismissed his complaint with prejudice on defendants' motion pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619). The complaint alleged that plaintiff had been discharged from his employment as a dock worker with the corporate defendant in retaliation for his filing of workers' compensation claims. Defendants' motion to dismiss asserted that plaintiff's cause of action for retaliatory discharge was barred by his submission of the controversy to arbitration. The trial court's order stated that the complaint was dismissed because "the matters contained therein are barred by a final binding arbitration decision." For the reasons which follow, we affirm the judgment of the trial court.

The complaint alleged that plaintiff was employed by the corporate defendant (Roadway) at all relevant times. While performing his normal duties on the job, plaintiff sustained a spinal injury and subsequently filed a workers' compensation claim against Roadway. Plaintiff sustained another injury on February 10, 1982. Plaintiff filed a claim pertaining to the second injury on March 22, 1982. On April 9, 1982, the first claim was settled and on April 21, 1982, Roadway discharged plaintiff. Plaintiff contended that from the time that he filed his first claim for compensation until his discharge, Coulsen (also referred to as Coulson), Lewis, Drack and Warren (the individual defendants), as Roadway's agents and employees, engaged in a pattern and practice of harassment designed to intimidate plaintiff and to induce him not to pursue his workers' compensation claims. The complaint concluded that as a result of these actions, plaintiff had suffered financial and other damage, and prayed for money damages and reinstatement.

Defendants filed a motion to dismiss pursuant to section 2—619(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(9)). The basis for the motion was that plaintiff's cause of action was barred by a final and binding arbitration decision. The affidavit of John Coulsen, one of the individual defendants and terminal manager of the facility at which plaintiff was employed, was submitted in support of the motion. The affidavit stated that Roadway and Local 710 of the International Brotherhood of Teamsters were parties to a series of collective bargaining agreements which prescribed the terms

and conditions of employment of dock workers, including plaintiff. A copy of the agreement was appended to the affidavit. Under article 24 of the agreement, an employee could only be terminated for "just cause." Article 17, section 1 of the agreement created a Joint Committee to settle disputes between the employer and the local union. Subparagraph A of section 1 provided that "[w]here a Joint Committee by a majority vote settles a dispute no appeal may be taken. Such a decision will be final and binding on both parties."

Coulsen's affidavit stated that on April 28, 1982, plaintiff grieved his discharge to the Joint Committee which, on June 1, 1982, determined that plaintiff's discharge had been for "just cause" under the collective bargaining agreement. Plaintiff's grievance, a copy of which was appended to defendants' motion to dismiss, stated that:

> "I am appealing my discharge of 4-21-82. I strongly deny all allegations of failure to perform work assignments at Roadway Terminal (309) Chicago Heights. I also protest termination brought upon me by such allegations. Last month I received a suspension [*sic*] for insubordination charges subsequently the greivance [*sic*] board ruled in my favor and suspension [*sic*] was ruled unjustified. I appeal vehemently to the greivance [*sic*] board at this time to stop Roadway Express (309) and Terminal manager John Coulson and his staff of managers from harrassment [*sic*] and mental cruelty which I feel has been brought upon me because of injuries sustained while at work."

On October 15, 1982, the trial court dismissed the complaint on the ground that the cause of action was barred by a final and binding arbitration decision. Plaintiff filed a "motion to reconsider" together with an affidavit stating substantially that the arbitration committee did not consider plaintiff's filing of workers' compensation claims in making its decision. On February 23, 1983, the trial court denied plaintiff's motion and plaintiff thereafter perfected an appeal to this court.

OPINION

Section 2—619(a) of the Code of Civil Procedure (formerly section 48 of the Civil Practice Act) provides that "[d]efendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit: *** (9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." (Ill. Rev. Stat. 1981, ch. 110,

par. 2—619(a)(9).) "An 'affirmative matter' under this section is 'something in the nature of a defense that negates an alleged cause of action completely or refutes crucial conclusions of law or conclusions of material fact unsupported by allegations of specific fact contained in or inferred from the complaint.' *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 96; [citation]." (*Illinois Housing Development Authority v. Sjostrom & Sons, Inc.* (1982), 105 Ill. App. 3d 247, 252, 433 N.E.2d 1350.) In light of the procedural posture of the instant case, the issue before us is whether a prior arbitration decision that an employee was terminated for "just cause" precludes that employee from maintaining a retaliatory discharge action grounded on the same factual basis upon which the arbitration proceeding was founded. As a preliminary *caveat* to our discussion, we note that neither party has invoked the doctrine of Federal preemption (see generally *Thompson v. Monsanto Co.* (Tex. Civ. App. 1977), 559 S.W.2d 873), and we accordingly have no occasion to apply that doctrine in the decision of this case.

The supreme court recognized the tort of retaliatory discharge in *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353. In that case the court held that "an employer's otherwise absolute power to terminate an employee at will should [not] prevail when that power is exercised to prevent the employee from asserting his statutory rights under the Workmen's Compensation Act." (74 Ill. 2d 172, 181, 384 N.E.2d 353.) "In *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053, this court stated that to allow a cause of action for retaliatory discharge to an employee at will while denying it to a union member, would lead to an absurd result since punitive damages would be available to an employee at will, but would not be available to an employee protected by a union contract, despite the fact that union contracts are specifically designed to protect against discharge other than for cause." (*Midgett v. Sackett-Chicago, Inc.* (1983), 118 Ill. App. 3d 7, 9; *contra, Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 407 N.E.2d 95; *Deatrick v. Funk Seeds International* (1982), 109 Ill. App. 3d 998, 441 N.E.2d 669; *Lamb v. Briggs Manufacturing* (7th Cir. 1983), 700 F.2d 1092; see also *Carnation Co. v. Borner* (Tex. 1980), 610 S.W.2d 450.) The parties have not questioned the applicability to this case of the rule announced in *Wyatt*. The question posed in this case is whether a union member who does exercise the grievance procedure established by a collective bargaining contract and receives a determination that his discharge was for "just cause" may nonetheless litigate the issue of the employer's motivation in discharging him in a subsequent and separate proceeding.

■ Our analysis of this issue takes two steps. First, we must determine whether, as plaintiff contends, the Joint Committee could not have decided the issue of retaliatory discharge because the authority of the arbitrators was limited by the collective bargaining agreement. This argument, however, is not appropriately addressed to the instant proceeding. The legislature has provided a method for a direct attack on arbitration awards in section 12 of the Uniform Arbitration Act (Ill. Rev. Stat. 1981, ch. 10, par. 112). The failure to utilize the statutory procedure precludes consideration of an attack on the validity of an arbitration award in a collateral proceeding. (*Schroud v. Van C. Argiris & Co.* (1979), 78 Ill. App. 3d 1092, 1095, 398 N.E.2d 103; *Donoghue v. Kohlmeyer & Co.* (1978), 63 Ill. App. 3d 979, 983, 380 N.E.2d 1003; see also *Board of Education v. Chicago Teachers Union, Local 1* (1981), 86 Ill. 2d 469, 476, 427 N.E.2d 1199 (failure to present argument to arbitrator waives subsequent consideration of argument); *Hughey v. Industrial Com.* (1979), 76 Ill. 2d 577, 580, 394 N.E.2d 1164.) In view of plaintiff's failure to challenge the award under the statutory procedure, the matters decided therein are conclusive upon him.

■■ ■ The second step in our analysis is to determine whether the effect of the award is to preclude, as an affirmative defense, plaintiff's assertion of his cause of action. An arbitration award is "a full and final adjustment of the controversy, having all the force of an adjudication and effectually concluding the parties from again litigating the same subject." (*White Eagle Laundry Co. v. Slawek* (1921), 296 Ill. 240, 244, 129 N.E. 753.) Moreover, arbitrators, by authority of the parties' submission of the controversy for decision, become the judges of both the law and the facts of the case. (*White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 602, 77 N.E. 327.)

> "[W]hen the parties have expressly or by reasonable implication submitted the questions of law as well as the questions of fact arising out of the matter in controversy, the decision of the arbitrators on both subjects is final. It is upon the principle of *res judicata*, on the ground that the matter has been judged by a tribunal which the parties have agreed to make final ***." (*White Star Mining Co. v. Hultberg* (1906), 220 Ill. 578, 609, 77 N.E. 327.)

In the instant case the arbitrator determined that plaintiff was discharged for "just cause." Plaintiff contends that this finding of "just cause" does not defeat his cause of action for retaliatory discharge because the issues in arbitration were not the same as the issues raised by the instant lawsuit. Defendants argue that plaintiff's grievance al-

leged substantially the same accusations of unfair treatment which the complaint alleged. The grievance filed with plaintiff's union stated that he denied that he had failed to perform work assignments properly and that defendants were harassing him "because of injuries sustained while at work." The Joint Committee decision found that plaintiff had been terminated for just cause, and implicitly rejected plaintiff's contention that he was fired for other reasons. In such a case, " '*** the determination in the former suit of the fact or question, if properly presented and relied on, will be held conclusive on the parties in the later suit, regardless of the identity of the cause of action, or lack of it, in the two suits.***' " (*Consolidated Distilled Products, Inc. v. Allphin* (1978), 73 Ill. 2d 19, 26, 382 N.E.2d 217, quoting *Charles E. Harding Co. v. Harding* (1933), 352 Ill. 417, 426-27, 186 N.E. 152.) Therefore, we conclude that plaintiff may not now assert that he was discharged for other than just cause and accordingly may not now allege that he was discharged for filing workers' compensation claims. The circuit court properly granted the motion to dismiss.

We note that this result is consistent with the observation in *Wyatt v. Jewel Cos.* that an employee who files an unsuccessful grievance proceeding is for that reason barred from recovering in tort. *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 842, 439 N.E.2d 1053 (harmonizing *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 407 N.E.2d 95).

For all the foregoing reasons, the order of the circuit court is affirmed.

Affirmed.

SULLIVAN and WILSON, JJ., concur.