ANDREW ELIA, Plaintiff-Appellant, *v.* INDUSTRIAL PERSONNEL COR-
PORATION, Defendant-Appellee.

First District (1st Division) No. 83—2162

Opinion filed June 25, 1984.

Bruce M. Bozich, of Edward R. Vrdolyak, Ltd., of Chicago, for appellant.

William T. McGrath and Margaret F. Woulfe, both of Chadwell & Kayser,
Ltd., of Chicago, for appellee.

PRESIDING JUSTICE BUCKLEY delivered the opinion of the
court:

This appeal arises out of an action brought by plaintiff, Andrew
Elia, against his former employer, Industrial Personnel Corporation
(Industrial), wherein plaintiff alleged that he was discharged in retali-
ation for having filed a workers' compensation claim. Defendant In-
dustrial moved for summary judgment, arguing that pursuant to the
terms of a collective bargaining agreement plaintiff had filed a griev-
ance protesting his discharge which was ultimately denied by a griev-
ance panel. Industrial contended that Elia's action in availing himself
of the grievance procedure provided in the collective bargaining
agreement precluded him from bringing suit for retaliatory discharge
in circuit court. After oral argument, the trial court granted defend-
ant's motion for summary judgment, which resulted in the present ap-
peal. The only issue raised by the parties on appeal is whether or not
plaintiff's action in pursuing his contractual remedy under the terms
of the collective bargaining agreement precluded him from subse-
quently filing a tort action for retaliatory discharge in circuit court.

The record reveals as follows. Industrial is engaged in the person-

nel leasing business, leasing truck drivers, warehousemen, and mechanics to companies that have a need for such personnel. During all relevant times, Industrial and the International Brotherhood of Teamsters, Local 301, were parties to a collective bargaining agreement. Plaintiff Elia was a member of the Teamsters Union and was covered under the terms of the contract.

On October 22, 1980, plaintiff was hired as a truck driver by the defendant corporation and was subsequently assigned by Industrial to work for Abbott Laboratories. On April 7, 1981, while driving an Abbott truck, Elia was involved in a serious accident and sustained injuries for which he received workers' compensation benefits. On September 14, 1981, plaintiff sought to return to work at Industrial but was informed that there was no available employment.

Shortly thereafter, plaintiff exercised his rights under the collective bargaining agreement and brought a grievance against Industrial, claiming that he had obtained seniority rights and that these rights had been violated because his former position had been filled by a man hired after him. The fact that plaintiff's grievance never raised his claim of retaliatory discharge for making a workers' compensation claim is not disputed by the parties.

Elia's grievance was processed through each stage of the grievance procedure and was finally heard by an eight-person grievance committee comprised of four union representatives and four management representatives. Plaintiff claims that at the hearing defendant's agent, Michael Angel, told union representatives that one reason plaintiff would not be reinstated was because he cost Abbott a great deal of money by reason of plaintiff's workers' compensation claim. The chairman of the grievance committee noted that Elia's claimed seniority was the only issue raised by the grievance and the only question under consideration. After hearing the facts presented, a majority of the committee voted to deny Elia's grievance.

Following the grievance denial, plaintiff obtained legal counsel and the instant complaint alleging retaliatory discharge was filed on June 22, 1982. Plaintiff, in appealing from the order of the trial court granting defendant's motion for summary judgment, contends that the existence of a contractual remedy based on a collective bargaining agreement did not preclude a suit for retaliatory discharge where the retaliatory discharge issue was neither raised nor litigated under the grievance procedure provided in the collective bargaining agreement. We agree.

In *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 384 N.E.2d 353, our supreme court provided a separate tort remedy to employees that

had been discharged for filing claims under the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*). In so doing, the court noted that such a remedy was necessary in order to uphold and implement the strong public policy inherent in the act of promptly and equitably compensating employees for injuries received during the course of their employment. The court further noted that permitting the wronged employee to recover only compensatory damages would do little to dissuade an employer from engaging in the practice of discharging employees in retaliation for filing workers' compensation claims. In order to provide an effective deterrent, the court went on to hold that punitive damages were awardable against an employer who "mocks the public policy of this State" by engaging in such abusive practices. *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 187.

Noting that the employee in *Kelsay* was an at-will employee, subsequent appellate opinions have differed in their interpretation of *Kelsay* as it applies to employees covered under a collective bargaining agreement. In *Cook v. Caterpillar Tractor Co.* (1980), 85 Ill. App. 3d 402, 407 N.E.2d 95, the appellate court distinguished *Kelsay*, holding that the tort remedy for retaliatory discharge did not apply to employees covered under a collective bargaining agreement where the agreement provided that employees could be discharged only for just cause and further provided a grievance procedure for resolving disputes. The court reasoned that such an employee was limited to the remedies provided under the contract, which must be exhausted, and that such an agreement precluded a separate recovery sounding in tort. Accord, *Ward v. Howard P. Foley Co.* (1983), 119 Ill. App. 3d 894, 457 N.E.2d 155; *Suddreth v. Caterpillar Tractor Co.* (1983), 114 Ill. App. 3d 396, 449 N.E.2d 203; *Deatrick v. Funk Seeds International* (1982), 109 Ill. App. 3d 998, 441 N.E.2d 669.

In *Wyatt v. Jewel Cos.* (1982), 108 Ill. App. 3d 840, 439 N.E.2d 1053, the court explicitly rejected the rationale advanced in *Cook*, holding that employees covered under a collective bargaining agreement were not limited to a claim for breach of labor contract or to the remedies provided by the grievance procedures contained in the contract. The court reasoned that such a limitation would lead to absurd results since, under *Kelsay*, an at-will employee who suffers a retaliatory discharge could recover punitive damages. Yet, under *Cook*, a similarly treated employee protected under a collective bargaining agreement would be limited to contract damages only. See also *Ward v. Howard P. Foley Co.* (1983), 119 Ill. App. 3d 94, 95-98, 457 N.E.2d 155 (Barry, J., dissenting).

The holding in *Wyatt* was recently affirmed in *Midgett v. Sackett-Chicago, Inc.* (1983), 118 Ill. App. 3d 7, 454 N.E.2d 1092. There the court held that the recognition of a cause of action in tort for retaliatory discharge allows an employee covered under the terms of a collective bargaining agreement an additional remedy in areas where strong public policy as opposed to private interests is involved.

A subsequent First District opinion placed limitations on the holding in *Wyatt*, where an employee covered under a collective bargaining agreement raises and litigates the retaliatory discharge issue under the grievance procedures provided in the agreement. In *Bertling v. Roadway Express, Inc.* (1984), 121 Ill. App. 3d 60, 64-65, 459 N.E.2d 265, the court held that such action barred a later suit in circuit court for retaliatory discharge where the employee's "grievance alleged substantially the same accusations of unfair treatment which the complaint alleged." In effect, the court in *Bertling* refused to permit an employee to relitigate issues in circuit court which had been specifically raised and decided in a prior arbitration proceeding.

After reviewing these competing interpretations of *Kelsay* as applied to workers covered under a collective bargaining agreement, we reaffirm our prior decisions in *Wyatt* and *Midgett* and find that the existence of a contractual remedy for wrongful discharge does not preclude an action in tort for retaliatory discharge. We further find that under *Bertling* such an action will be barred only where the employee raises the retaliatory discharge issue in the grievance procedures provided by the collective bargaining agreement.

The opinions to the contrary cited from other appellate districts have uniformly failed to adequately address the punitive damage issue first raised in *Wyatt*. There is simply no logical reason to permit at-will employees to recover punitive damages in tort for retaliatory discharge and to limit similarly situated employees covered under a collective bargaining agreement to contract damages. This is especially true in light of our supreme court's explicit holding on the necessity for punitive damages in order to effectively deter employer misconduct in this area. (See *Kelsay v. Motorola, Inc.* (1978), 74 Ill. 2d 172, 186-87, 384 N.E.2d 353.) By limiting a major portion of our work force only to contract damages under a collective bargaining agreement, we would be imposing a damage structure which our supreme court has already determined to be inadequate for protecting the strong public policy embodied in the Workers' Compensation Act. Accordingly, we reject defendant's invitation to overrule *Wyatt*.

In addition, we note that while arbitration panels may be superb vehicles for determining the private law of the shop place, they are,

at best, poorly equipped to enforce the public policy of this State. Many arbitrators, though expert in the area of labor relations, are not lawyers and therefore may lack the expertise necessary to resolve complex legal questions. Similarly, the union's case in labor arbitration is commonly prepared and presented by nonlawyers. Also, arbitral fact-finding is generally not equivalent to judicial fact-finding—the record of proceedings is not as complete, the usual rules of evidence do not apply, and rights common to civil trials, such as discovery, compulsory process, cross-examination and testimony under oath, are often severely limited or unavailable. See *Alexander v. Gardner-Denver Co.* (1974), 415 U.S. 36, 57-58, 39 L. Ed. 2d 147, 163, 94 S. Ct. 1011, 1024.

Noting these deficiencies in the labor arbitration process, the United States Supreme Court has consistently permitted employees covered under a collective bargaining agreement to litigate claims against their employer in Federal court when the claim is based on the public policy embodied in various Federal statutory rights. The court has taken this position even though the employee had a separate contractual remedy under the agreement and even though the employee raised and litigated the same issue in a prior arbitration proceeding. See *McDonald v. City of West Branch* (1984), 466 U.S. ____, 80 L. Ed. 2d 302, 104 S. Ct. 1799; *Barrentine v. Arkansas-Best Freight System, Inc.* (1981), 450 U.S. 728, 67 L. Ed. 2d 641, 101 S. Ct. 1437; *Alexander v. Gardner-Denver Co.* (1974), 415 U.S. 36, 39 L. Ed. 2d 147, 94 S. Ct. 1011.

We see no reason why the rights secured workers by the public policy of this State should receive less vigorous enforcement. Nor do we believe that an employee's resort to the grievance procedure provided in the collective bargaining agreement should preclude a tort action for retaliatory discharge when that issue has not been raised in a prior arbitration proceeding. A contrary holding could only be justified on grounds involving judicial economy, which we believe are outweighed by the strong public policy considerations espoused in *Kelsay* of protecting employees from retaliatory discharge.

Applying these holdings to the case at bar, we must reverse the order of the trial court granting defendant's motion for summary judgment. The parties agree that plaintiff never raised the retaliatory discharge issue in the prior grievance proceedings. From the record, it would appear that plaintiff did not learn of the possible retaliatory nature of his discharge until it was revealed by testimony elicited from defendant's witnesses at the hearing before the grievance committee. Accordingly, plaintiff is not barred from seeking a recovery in

tort for retaliatory discharge.

In view of the foregoing, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

GOLDBERG and CAMPBELL, JJ., concur.