THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
THOMAS MOORE, Defendant-Appellee.

Fifth District   No. 5—87—0687

Opinion filed June 16, 1989.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Raymond F. Buckley, Jr., all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Christopher Cueto and Kathleen A. Moore, both of Cueto, Daley, Williams, Moore & Cueto, Ltd., of Belleville, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

The People appeal from the order of the circuit court of St. Clair County which suppressed the results of defendant's breath test on the basis of *res judicata*. On appeal, the only issue presented by the parties is whether a finding of no probable cause to arrest at a summary suspension hearing is determinative of the issue of probable cause to arrest in a criminal prosecution for the offense of driving while intoxicated.

On February 6, 1987, defendant was arrested for driving under

the influence of alcohol and/or drugs (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(4)). On June 26, 1987, after a hearing on defendant's petition to rescind statutory suspension of his driver's license (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501.1), the court granted the petition. The court found that a wide right turn or a very wide right turn does not constitute probable cause for a stop. The court sustained defendant's objection to admission into evidence of the police reports which the State wished to use to prove the results of the breath test. The court reasoned that the police reports were hearsay and that the reports lacked foundation.

On September 9, 1987, defendant filed a motion to suppress on the basis that the issue of probable cause to arrest had been litigated in the statutory summary suspension hearing. The court held that the doctrine of collateral estoppel prevented relitigation of the issue of probable cause to arrest and suppressed the results of the breath test.

■■■ A prior judgment may have preclusive effects in a subsequent action under both *res judicata* and collateral estoppel. (*Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251, 461 N.E.2d 959, 961.) The doctrine of *res judicata* provides that a final judgment on the merits is conclusive as to the rights of the parties and their privies and, as to them, precludes a subsequent suit involving the same claim, demand, or cause of action. In order for a prior judgment to be raised as an absolute bar, there must exist between the two actions an identity of parties, subject matter, and cause of action. Collateral estoppel, or issue preclusion, is a branch of *res judicata* and is founded on the same policy, that is, to promote judicial economy and prevent repetitive litigation. To determine whether issue preclusion should be applied, the pertinent questions are whether the issue decided in the prior adjudication is the same as the one presented in the suit in question, whether there has been a final judgment on the merits, and whether the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. It has also been stated that the doctrine applies to a controlling fact or question material to the determination of both causes. (*Stratemeyer v. West* (1985), 136 Ill. App. 3d 1095, 1096, 484 N.E.2d 399, 400-01.) The doctrine of collateral estoppel applies to criminal cases as well as civil and serves the laudable purpose of preventing repeated litigation of the same factual issue. *People v. Hooker* (1981), 96 Ill. App. 3d 127, 130, 421 N.E.2d 301, 303-04.

■■■ In the case at bar, the issue of probable cause to arrest defendant for driving under the influence was decided at the prior hearing on the petition to rescind the summary suspension. The issue

was again raised in the criminal prosecution. The doctrine of collateral estoppel applies where there is a final judgment, and a non-final order does not bar a subsequent action. (*People v. Busija* (1987), 155 Ill. App. 3d 741, 745, 509 N.E.2d 168, 171.) Implied consent hearings are civil in nature, and an appeal as of right may be taken from the final judgment disposing of the petition. (*People v. Malloy* (1979), 76 Ill. 2d 513, 395 N.E.2d 381.) The State, however, did not appeal from the court's decision to grant defendant's petition; therefore, a final judgment was entered. Lastly, the State was a party to both the hearing on the petition and the present case. This court concludes that the doctrine of collateral estoppel applies, and the State cannot now relitigate whether the police officer had probable cause to arrest defendant. Accordingly, the order of the circuit court which suppressed evidence is affirmed.

The State relies on *People v. Stice* (1988), 168 Ill. App. 3d 662, 523 N.E.2d 1054. In *Stice*, defendant was placed under arrest for driving under the influence of alcohol (DUI) in violation of section 11–501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11–501) and took a breath test, with the result being 0.17. Accordingly, he received a statutory summary suspension of three months. (Ill. Rev. Stat. 1985, ch. 95½, par. 11–501.1.) Stice filed a petition asking that the suspension be rescinded, and, at the hearing, the court found that there was not enough evidence to show the officer had reasonable grounds to believe defendant was under the influence of alcohol at the time of arrest. The State did not appeal the rescission of the suspension. Stice then filed a motion to dismiss the traffic charge alleging the State was collaterally estopped from relitigating the issue of probable cause for his arrest. The motion was denied, and Stice was convicted of DUI.

On appeal, Stice again contended that the court's determination at the summary suspension hearing, that the officer had no reasonable grounds to arrest him, should apply to the criminal case pursuant to the doctrine of collateral estoppel. The *Stice* court affirmed the conviction and reasoned that the difference between a rescission hearing and a criminal trial for DUI establishes that the doctrine of collateral estoppel does not apply. The court reasoned that the purpose of a rescission hearing, which is a type of administrative hearing, is to grant a prompt post-suspension review of the suspension so as to comply with due process requirements. As such, the hearing is designed to be expeditious, and, in fact, allows evidence to be presented by means of the officer's written report. (Ill. Rev. Stat. 1985, ch. 95½, par. 2–118.1(b).) The court concluded that if collateral estoppel

were applicable, the desire for expediency would be defeated and the State would feel a need to call its witnesses to protect the DUI prosecution and rescission hearings would be treated as mini-trials.

■■ ■ This court respectfully declines to follow the holding in *Stice* for the following reasons. The function of a preliminary hearing in a criminal prosecution is to insure a prompt determination of whether the crime charged was committed and, if so, whether probable cause exists to believe that defendant was the perpetrator. (*People v. Puleo* (1981), 96 Ill. App. 3d 457, 465, 421 N.E.2d 367, 373.) But if defendant files a pretrial motion to suppress evidence which is heard and granted at the preliminary hearing, that ruling is *res judicata* of the issues raised by the motion. (*People v. Taylor* (1972), 50 Ill. 2d 136, 277 N.E.2d 878; *People v. Gaddis* (1972), 4 Ill. App. 3d 691, 692, 292 N.E.2d 479, 480.) A finding of probable cause is an absolute defense to an action for malicious prosecution. (*Kompare v. Stein* (7th Cir. 1986), 801 F.2d 883, 891.) The failure to utilize the statutory procedure in section 12 of the Uniform Arbitration Act (Ill. Rev. Stat. 1981, ch. 10, par. 112) to vacate an award precludes an attack on the validity of that arbitration award in a collateral proceeding. (*Bertling v. Roadway Express, Inc.* (1984), 121 Ill. App. 3d 60, 64, 459 N.E.2d 265, 267-68.) This court finds no reason to deny the use of collateral estoppel in a criminal prosecution for DUI when lack of probable cause has been determined in a rescission hearing.

■■ ■ Although a driving license is a privilege (see Ill. Rev. Stat. 1987, ch. 95½, pars. ·6—202, 6—203) rather than a right, the suspension of this privilege has substantial consequences. The period of summary suspension can range from three months to one year. (Ill. Rev. Stat. 1987, ch. 95½, par. 6—208.1.) One's interest in a driver's license is a significant interest, although a party seeking to have a summary suspension rescinded bears the burden of proof. (*People v. Orth* (1988), 124 Ill. 2d 326, 530 N.E.2d 210.) In a rural area, such as that which constitutes the vast majority of counties in the Fifth District, suspension of one's driving privileges is a major penalty, as public transportation, including taxicabs, is virtually nonexistent. If the State believes that the police reports are inadequate to establish probable cause at the suspension hearing, this court can discern no reason why the State should not be barred, due to collateral estoppel, upon a finding of no probable cause if it fails to call the arresting officer or others to supplement the reports and to establish probable cause. If probable cause is found at the suspension hearing after the officer testifies, there would be no need to file a motion to suppress on the basis of lack of probable cause to suppress. The evidence presented at the

suspension hearing may be indicative of the strength or weakness of the State's case. The State might decide to dismiss a DUI criminal prosecution if the hearing indicates weakness in its case or the defendant might decide to plead guilty if the hearing suggests a strong case for the State.

In conclusion, this court holds that the finding at a suspension hearing of no probable cause to arrest defendant for DUI precludes the State from relitigating that issue in a criminal prosecution for DUI, absent an appeal from the court's finding at the rescission hearing. The judgment of the circuit court of St. Clair County is, therefore, affirmed.

Affirmed.

LEWIS and HOWERTON, JJ., concur.