THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GLENN P. FILITTI, Defendant-Appellee.

Second District   No. 2—88—0729

Opinion filed November 9, 1989.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Mary Robinson and Josette Skelnik, both of Robinson & Skelnik, of Elgin, and Ronald R. Nosek, of Lombard, for appellee.

JUSTICE DUNN delivered the opinion of the court:

The State appeals from an order of the circuit court of Du Page County granting the motion of defendant, Glenn Filitti, to suppress evidence resulting from his arrest for driving under the influence of alcohol (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(2)). On appeal, the State contends that the trial judge erroneously concluded it was barred from relitigating the issue of whether there was probable cause to arrest defendant when that issue had been resolved in defendant's favor at a statutory summary-suspension hearing. We reverse.

Defendant was arrested on October 20, 1987. In addition to the aforementioned DUI charge, he was charged with having a blood-alcohol concentration of .10 or more (Ill. Rev. Stat. 1987, ch. 95½, par. 11—501(a)(1)) and driving while license suspended (Ill. Rev. Stat. 1987, ch. 95½, par. 6—303). On April 14, 1988, the circuit court held a hearing on defendant's petition to rescind the statutory summary suspension of his driver's license (see Ill. Rev. Stat. 1987, ch. 95½, par. 2—118.1). The court concluded that the arresting officer lacked reasonable grounds to believe defendant had been driving while under the influence of alcohol and granted the petition.

Defendant subsequently filed a motion to suppress evidence resulting from his arrest. The trial court heard no evidence with respect to this motion. The trial court granted the motion solely on the basis that the doctrine of collateral estoppel prohibited the State from relitigating the issue of whether the arresting officer had reasonable grounds to believe defendant had been driving under the influence of alcohol. The instant appeal ensued.

Two other appellate districts have recently considered the same issue raised in this appeal. The Appellate Court for the Fifth District held that the doctrine of collateral estoppel would apply and bar the State while contesting a motion to suppress in a DUI case from relitigating issues that had already been decided at a summary-suspension hearing. (*People v. Moore* (1989), 184 Ill. App. 3d 102,

106, *appeal allowed* (1989), 129 Ill. 2d 632.) The Appellate Court for the Fourth District had previously reached the opposite conclusion. See *People v. Stice* (1988), 168 Ill. App. 3d 662, 665, *appeal denied* (1988), 122 Ill. 2d 590.

■■ ■ The doctrine of collateral estoppel precludes relitigation of a factual issue that was previously adjudicated on the merits by a court of competent jurisdiction. (*Fearon v. Mobil Joliet Refining Corp.* (1984), 131 Ill. App. 3d 1, 6.) The following requisites must be met in order for the doctrine to apply: (1) the issue to be precluded is identical to the one previously decided; (2) the issue is a controlling fact or question in both cases; (3) a final judgment was rendered in the prior adjudication; and (4) the precluded party was a party or in privity with a party in the previous litigation. (*Moore* 184 Ill. App. 3d at 104.) Collateral estoppel applies in criminal proceedings (*People v. Williams* (1975), 59 Ill. 2d 557, 560), but should be applied in a rational, realistic manner rather than in a hypertechnical fashion. *People v. Cartalino* (1982), 111 Ill. App. 3d 578, 592.

Here, as in *Moore*, each of the above requisites for the application of collateral estoppel has been met. The trial court's ruling at the summary-suspension hearing that there were no reasonable grounds to believe that defendant had been driving while under the influence of alcohol was tantamount to ruling there was no probable cause to arrest him. (See *People v. Sanders* (1988), 176 Ill. App. 3d 467, 470.) This was a controlling question at both the summary-suspension hearing and the motion to suppress. There was a final order in the summary-suspension proceeding, and the State was a party to both proceedings.

■■ There are, however, exceptions to the doctrine of collateral estoppel. The doctrine will not be applied if the precluded party did not have a full and fair opportunity to litigate the issue or if its application would cause an injustice to the precluded party. (*Collins v. St. Jude Temple No. 1* (1987), 157 Ill. App. 3d 708, 712.) Another exception is recognized if relitigation of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts. Restatement (Second) of Judgments §28(3) (1982).

Although the court did not specifically mention the latter exception in *People v. Stice* (1988), 168 Ill. App. 3d 662, it appears to have relied on a similar rationale in determining that collateral estoppel would not apply to bar the State from relitigating the issue of probable cause to arrest in a suppression hearing if the issue had

been decided in defendant's favor at a summary-suspension hearing. The court stated as follows:

> "The purpose of the rescission hearing is to grant a prompt post-suspension review of the suspension so as to comply with due process requirements. (See *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612, *People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 492 N.E.2d 187.) As such, the hearing is designed to be expeditious, and, in fact, allows for the evidence to be presented by means of the officer's written report. (Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).) If collateral estoppel were applicable, then this desire for expediency would be defeated. While the State may be willing to rely on the police reports as evidence in a rescission hearing if the sole determination is possible rescission of the suspension, it will be much less likely to rely on those reports if the result would be suppression of evidence in a criminal DUI trial." *Stice*, 168 Ill. App. 3d at 664-65.

Defendant argues that our supreme court's recent decision in *People v. Orth* (1988), 124 Ill. 2d 326, undermined the rationale behind *Stice*. In *Orth*, the court ruled that defendant has the burden of proof at a summary-suspension hearing. (124 Ill. 2d at 338.) The court went on to hold that if defendant presents a *prima facie* case that breathalyzer results were inaccurate, the State could only avoid rescission by moving for admission of the test into evidence and laying the proper foundation. (124 Ill. 2d at 340.) This holding appears to have been motivated in large part by due-process concerns. 124 Ill. 2d at 336-37.

■ *Orth* does limit the ability of the State to rely upon the officer's sworn statement as evidence of the breathalyzer results at a summary-suspension hearing. In many summary-suspension hearings, however, the breathalyzer results are not an issue. In some cases, the defendant refuses to take a breathalyzer or blood test. In others, such as the case at bar, the defendant contests probable cause to arrest or to make the initial stop of defendant's vehicle. In cases such as these, *Orth* does not in any way restrict the ability of the State to rely upon the officer's official reports as evidence at the summary-suspension hearing. We therefore reject defendant's contention that *Orth* undermines the rationale behind *Stice*.

■ We agree with the conclusion of the court in *Stice* that a trial court's determination at a summary-suspension hearing that there was no probable cause to arrest defendant should not preclude relitigation of the issue in a subsequent DUI proceeding, and we

agree with the court's reasoning. A contrary result would effectively eviscerate the provision allowing the State to rely upon the officer's official reports at a summary-suspension hearing, since the State would be forced to call its witnesses in order to prevent an adverse ruling that would jeopardize the DUI prosecution.

Additionally, our supreme court has stated as follows:

> "A motion to suppress is directed toward determining whether certain evidence should be admitted at trial; in many cases, suppression of the evidence results in a dismissal of the charges. However, when a defendant prevails in an implied-consent hearing, the decision does not effect the dismissal of the criminal charges, it serves only to stay the suspension of his driving privileges until the DUI proceedings are concluded." (*Koss v. Slater* (1987), 116 Ill. 2d 389, 396.)

While the court in *Koss* did not consider the issue that is present in the instant case, the above language strongly supports the holding of the court in *Stice*. We also note that our supreme court has stated that the purpose of the statutory summary-suspension scheme is designed to protect people who travel the highways. (*People v. Gerke* (1988), 123 Ill. 2d 85, 94.) This purpose would hardly be served by permitting statutory summary-suspension proceedings to be used as a means of destroying the State's case in the related DUI proceeding. For the above reasons, we conclude that the trial court erred by applying collateral estoppel and granting the motion to suppress.

Accordingly, the judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

INGLIS and LINDBERG, JJ., concur.