THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAN WATTS, Defendant-Appellant.

Second District   No. 2—95—0762

Opinion filed June 24, 1996.

John S. Young, of Law Office of John S. Young, of Mundelein, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Joan M. Kripke, of Chicago, for the People.

JUSTICE DOYLE delivered the opinion of the court:

Defendant, Dan Watts, was charged by indictment with one count of theft (720 ILCS 5/16—1(a)(2)(A) (West 1994)) in that he knowingly obtained, by deception, control over the property of Donald and Marie Lutz (owners), having a total value of $10,000 but less than $100,000, by accepting money from the Lutzes and promising to construct an addition to their home which he did not intend to construct, and one count of home repair fraud (815 ILCS 515/3(a)(1) (West 1994)) in that he knowingly entered into a contract with the Lutzes to construct an addition to their home, promising performance which he did not intend to perform. Following a bench trial, the court found defendant not guilty of the theft charge but guilty of home repair fraud. Defendant filed a motion for new trial, which the court denied. The court then sentenced defendant to 24 months' probation and 6 months' periodic imprisonment and ordered defendant to make restitution in the amount of $12,000 and to undergo alcohol and drug testing and treatment. The court denied defendant's subsequent motion for reconsideration of his sentence, and this appeal ensued.

On appeal, defendant contends that (1) he was not proved guilty beyond a reasonable doubt of home repair fraud, as insufficient evidence existed to show that he intended to commit the offense; (2) the Home Repair Fraud Act (815 ILCS 515/1 et seq. (West 1994)) is unconstitutional and violates due process of law under the United States and Illinois Constitutions because (a) it shifts the burden of persuasion to the defendant and (b) it fails to require a criminal purpose; (3) the Home Repair Fraud Act violates equal protection guarantees of the United States and Illinois Constitutions because it denies equal treatment for similarly situated persons; and (4) the restitution order should be reversed, as the trial court failed to consider defendant's financial ability to make the payments ordered in the time and manner specified.

We will limit our recitation of the facts to only the information essential to an understanding of the specific issues we have addressed.

On February 12, 1994, defendant and the owners entered into a written contract whereby defendant was to construct an addition to the owners' home. Prior to signing the contract, the owners had given defendant checks for start-up costs and for procuring equipment. At the time of signing, they made additional payments to defendant for obtaining supplies and paying for permits. The contract provided that one-third of the total cost of the project was to be paid to defendant at the time the contract was signed, which the owners had done. The contract did not specify a starting date for defendant's performance, but it provided that defendant was to receive another payment of one-third of the total cost when work commenced.

After architectural plans were approved and building permits were obtained on April 12-13, defendant arrived at the jobsite with workmen on April 19, 1994, to place fencing around trees. On the next day, April 20, defendant arrived with his subcontractor, who excavated for the foundation with a backhoe. After the excavation was completed by the subcontractor, the parties agreed that a problem existed because the existing home was found to have a trench foundation which was not as deep as the adjoining hole which was dug for the new foundation. Defendant met with the architect and a building department representative concerning how to handle this problem, which potentially jeopardized the integrity of the existing structure. A controversy developed between defendant and the owners concerning the subcontractor's excavation and other matters relating to the work. The owners notified defendant that they had hired another contractor to lay the foundation and refused to make the contractual one-third payment, which was to coincide with commencement of the work. After three or four days of work, defendant, on April 25, ordered his employees off the jobsite. Thereafter, defendant contacted the owners and offered to resume work at his own expense provided he was paid within 10 days of completion. The owners refused this offer.

At the conclusion of the trial, the court found that the State had failed to prove defendant guilty of the theft charge because there was insufficient evidence to establish that defendant had no intention of performing his promised duties. As to the home repair fraud charge, the court found defendant guilty based on defendant's failure to rebut the State's evidence that he had failed to employ qualified personnel to perform the excavation of the foundation for the addition. The court relied in its finding on a rebuttable presumption of intent or knowledge which arises under the provisions of the home repair fraud statute when the State has proved certain predicate facts enumerated in the statute. 815 ILCS 515/3(c) (West 1994).

In light of our disposition of this appeal, we need address only defendant's contention that section 3(c) of the Home Repair Fraud Act creates an unconstitutional mandatory presumption of criminal intent thereby shifting the burden of persuasion to the defendant. The provisions of the statute applicable to the facts of this case provide:

"(a) A person commits the offense of home repair fraud when he knowingly enters into an agreement or contract, written or oral, with a person for home repair, and he knowingly:

(1) *** promises performance which he does not intend to perform or knows will not be performed; ***

* * *

(c) For purposes of subsection (a), paragraph (1), it shall be a rebuttable presumption of intent or knowledge that a person promises performance which he does not intend to perform and [sic] knows will not be performed when, after no performance or no substantial performance of a contract or agreement for home repair, he fails or refuses to return payments made by the victim and he:

* * *

(5) fails to employ qualified personnel necessary to perform the home repair[.]

* * *

Intent and knowledge shall be determined by an evaluation of all circumstances surrounding a transaction and the determination shall not be limited to the time of contract or agreement." 815 ILCS 515/3 (West 1994).

■ In proving a defendant's guilt, the State may be entitled to rely upon presumptions or inferences; however, the use of a presumption or inference may not invade the territory of the fact finder to determine the existence of the ultimate fact beyond a reasonable doubt. *County Court v. Allen*, 442 U.S. 140, 156, 60 L. Ed. 2d 777, 791, 99 S. Ct. 2213, 2224 (1979).

■ In *People v. Hester*, 131 Ill. 2d 91 (1989), our supreme court examined the distinction between mandatory and permissive presumptions in criminal cases:

"Presumptions are separated into two groups: mandatory and permissive. ***

A mandatory presumption is one where the fact finder is not free to reject the proffered presumption. A mandatory presumption may be conclusive, that is, 'an irrebuttable direction' (*Sandstrom*, 442 U.S. at 517, 61 L. Ed. 2d at 47, 99 S. Ct. at 2456; *Housby*, 84 Ill. 2d at 420), or it may shift the burden of proof. '[I]t tells the

trier that he or they *must* find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts.' (Emphasis in original.) (*Allen*, 442 U.S. at 157, 60 L. Ed. 2d at 792, 99 S. Ct. at 2225. See also *Francis*, 471 U.S. at 314 n.2, 85 L. Ed. 2d at 353 n.2, 105 S. Ct. at 1971 n.2; *Allen*, 442 U.S. at 157 n.16, 60 L. Ed. 2d at 792 n.16, 99 S. Ct. at 2225 n.16.) A presumption, however, may not shift the burden of persuasion to the defendant; that burden must remain with the State. (*Francis*, 471 U.S. at 314, 85 L. Ed. 2d at 353, 105 S. Ct. at 1971; *Sandstrom*, 442 U.S. at 517-24, 61 L. Ed. 2d at 46-51, 99 S. Ct. at 2456-59; *People v. Ziltz* (1983), 98 Ill. 2d 38, 44.) The validity of a mandatory presumption is subject to a 'beyond a reasonable doubt' test. *Allen*, 442 U.S. at 165-67, 60 L. Ed. 2d at 797-98, 99 S. Ct. at 2229-30.

A permissive presumption, on the other hand, is one where the fact finder is free to accept or reject the suggested presumption. (*Allen*, 442 U.S. at 157, 60 L. Ed. 2d at 792, 99 S. Ct. at 2224.) It places no burden on the defendant and 'affects the application of the "beyond a reasonable doubt" standard only if, under the facts of the case, there is no rational way the trier could make the connection permitted by the inference.' (*Allen*, 442 U.S. at 157, 60 L. Ed. 2d at 792, 99 S. Ct. at 2224-25. See also *Sandstrom*, 442 U.S. at 514-15, 61 L. Ed. 2d at 45, 99 S. Ct. at 2454; *Housby*, 84 Ill. 2d at 432-33; *People v. Elliott* (1986), 143 Ill. App. 3d 72, 77; *Frazier*, 123 Ill. App. 3d at 572 (permissive presumption operates as an inference).) The validity of a permissive presumption is subject to a less stringent test: there must be a rational connection between the facts proved and the facts presumed, and the ultimate fact must be 'more likely than not to flow' from the basic fact. (*Housby*, 84 Ill. 2d at 420-21, quoting *Allen*, 442 U.S. at 165, 60 L. Ed. 2d at 797, 99 S. Ct. at 2229. See also *Francis*, 471 U.S. at 314-15, 85 L. Ed. 2d at 353-54, 105 S. Ct. at 1971.) Nevertheless, the inference must be supported by corroborating evidence of guilt; if there is no corroborating evidence, the 'leap from the proved fact to the presumed element' must still be proved beyond a reasonable doubt. *Housby*, 84 Ill. 2d at 421, citing *Allen*, 442 U.S. at 167, 60 L. Ed. 2d at 798, 99 S. Ct. at 2229-30." *People v. Hester*, 131 Ill. 2d at 99-100.

■ In the present case, the home repair fraud statute requires the State to prove, as an essential element, that the defendant promised performance which he did not intend to perform or knew would not be performed. 815 ILCS 515/3(a)(1) (West 1994). The statute then provides that the elemental fact of intent or knowledge *shall* be presumed if the court finds the existence of certain enumerated pred-

icate facts, *i.e.*, (1) no performance or substantial performance of the contract; (2) failure or refusal by defendant to return payments; and, as relied on by the trial court here, (3) failure by defendant to employ qualified personnel necessary to perform the work. The statute further provides that this presumption shall be rebuttable. 815 ILCS 515/3(c) (West 1994).

The State argues that the statute does not impose an unconstitutional mandatory presumption. Citing certain civil decisions involving presumptions, the State argues that the statute in question provides, instead, only a procedural device for shifting the burden of introducing evidence to the defendant and that the presumption vanishes at the moment any contrary evidence is submitted by the defendant. The State does not explain how, under this "bursting bubble" characterization, the burden of introducing evidence to disprove criminal intent or knowledge could be constitutionally shifted to defendant. We agree with defendant that the statute imposes an unconstitutional mandatory presumption.

■ Initially, we reject any notion that the statutorily created presumption could reasonably be regarded as only permissive, leaving the fact finder free to apply or disregard the presumption. We note that the legislature has phrased the presumption in the language of command by using the words, "it *shall* be a rebuttable presumption of intent or knowledge." (Emphasis added.) 815 ILCS 515/3(c) (West 1994). No other language appears in the statute to reasonably indicate that the presumption is merely permissive.

Further, the fact that a mandatory presumption may be rebutted does not cure any constitutional infirmity. See *Francis v. Franklin*, 471 U.S. 307, 85 L. Ed. 2d 344, 105 S. Ct. 1965 (1985). One definition of the term "rebuttable presumption" is as follows: "It gives particular effect to [a] certain group of facts in absence of further evidence, and presumption provides prima facie case which shifts to defendant the burden to go forward with evidence to contradict or rebut fact presumed. [Citation.] And which standing alone will support a finding against contradictory evidence." Black's Law Dictionary 1267 (6th ed. 1990).

The presumption language of the present statute satisfies the definition of "mandatory presumption" adopted by the supreme court in *Hester*. " '[I]t tells the trier that he or they *must* find the elemental fact upon proof of the basic fact, at least unless the defendant has come forward with some evidence to rebut the presumed connection between the two facts.' (Emphasis in original.) [Citations.]" *Hester*, 131 Ill. 2d at 99, quoting *Allen*, 442 U.S. at 157, 60 L. Ed. 2d at 792, 99 S. Ct. at 2225.

In the present context, we accord little significance to whether the questioned presumption operates to shift to defendant the burden of persuasion or only the burden of producing evidence. As one commentator has written:

> "The foregoing description of the nature and workings of a presumption in a criminal case operating against the accused does not comport with the definition of a presumption in a civil case. In criminal cases there can be no compelled finding of the presumed fact. Upon a finding of the basic fact, the trier of fact in a criminal matter may, but is not required to, find the presumed fact; the presumption is 'may' rather than 'must.' Neither the burden of production nor the burden of persuasion ever shifts to the defendant." M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 304.1, at 120 (6th ed. 1994).

In any event, we conclude that the statutory presumption in this case relieves the State of the affirmative burden of persuasion on the presumed element of intent or knowledge by providing that the court shall find the presumed element unless the defendant persuades the court not to make such a finding. See *Francis*, 471 U.S. at 317, 85 L. Ed. 2d at 355, 105 S. Ct. at 1972.

In *Francis*, the United States Supreme Court examined the constitutional validity of jury instructions which stated that "(1) '[t]he acts of a person of sound mind and discretion are presumed to be the product of the person's will, but the presumption may be rebutted' and (2) '[a] person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts but the presumption may be rebutted.' " 471 U.S. at 309, 85 L. Ed. 2d at 350, 105 S. Ct. at 1968. The instructions were given in a murder prosecution in which criminal intent was an element of the offense and the only contested issue at trial.

The Court first determined that the instructions could not be regarded as creating only a permissive presumption or inference, noting that the jurors were not instructed that they had a choice or that they might infer the elemental fact, but that they were instructed, instead, only that the law presumed it. By mandatorily directing the jury to find the existence of criminal intent upon proof of other elements of the crime—the act of killing another—the instructions undermined the fact finder's responsibility, based on the State's evidence, to find the ultimate facts beyond a reasonable doubt. 471 U.S. at 316, 85 L. Ed. 2d at 354-55, 105 S. Ct. at 1972.

The Court went on to hold that the fact that the presumption was rebuttable could not save it from unconstitutionality:

> "An irrebuttable or conclusive presumption relieves the State of

its burden of persuasion by removing the presumed element from the case entirely if the State proves the predicate facts. A mandatory rebuttable presumption does not remove the presumed element from the case if the State proves the predicate facts, but it nonetheless relieves the State of the affirmative burden of persuasion on the presumed element by instructing the jury that it must find the presumed element unless the defendant persuades the jury not to make such a finding. A mandatory rebuttable presumption is perhaps less onerous from the defendant's perspective, but it is no less unconstitutional. Our cases make clear that '[s]uch shifting of the burden of persuasion with respect to a fact which the State deems so important that it must be either proved or presumed is impermissible under the Due Process Clause.' " *Francis*, 471 U.S. at 317, 85 L. Ed. 2d at 355, 105 S. Ct. at 1972-73, quoting *Patterson v. New York*, 432 U.S. 197, 215, 53 L. Ed. 2d 281, 295, 97 S. Ct. 2319, 2329 (1977).

We believe the Supreme Court's reasoning in *Francis* supports our analysis in holding that the home repair fraud statute imposes upon the court a constitutionally infirm, mandatory rebuttable presumption of criminal intent or knowledge, thereby shifting to the defendant the burden of producing evidence to rebut the connection between the predicate facts and the elemental fact. See *Hester*, 131 Ill. 2d at 99.

Without citation of relevant authority, the State argues that *Francis* and *Hester* are distinguishable because those cases dealt with mandatory presumptions contained in the language of jury instructions as opposed to a statutorily created presumption as is in question here. However, the State fails to explain why a constitutional issue exists when a jury instruction contains an impermissible mandatory presumption, but does not exist when the criminal statute itself contains such a presumption.

Statutes creating presumptions in criminal cases are subject to a due process challenge. *Leary v. United States*, 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969) (statutory presumption *permitting* jury to infer from a defendant's possession of marijuana that he knew it was illegally imported violated due process). In examining the validity of a permissive statutory presumption providing that the presence of a firearm in a vehicle is presumptive of its possession by all occupants, the United States Supreme Court has commented that it is generally appropriate to examine a mandatory presumption on its face to determine the extent to which the basic and elemental facts coincide. *Allen*, 442 U.S. at 157-58, 60 L. Ed. 2d at 792-93, 99 S. Ct. at 2225-26. It is not competent for a legislature to create even a permissive presumption which lacks a rational connection between the fact

proved and the ultimate fact presumed. *United States v. Romano*, 382 U.S. 136, 139, 15 L. Ed. 2d 210, 213, 86 S. Ct. 279, 281 (1965). The statute in the present case created a presumption which the fact finder, in this case the judge, was not free to disregard. As we will discuss, the trial court's findings reflect that it applied the presumption as the sole basis for ascertaining defendant's intent or knowledge. Accordingly, we reject the State's attempt to distinguish the principles set forth in *Francis* and *Hester* on the basis that they apply only to the validity of jury instructions.

■ In analyzing whether the trial court, here, was bound to follow the presumption of criminal intent, we note that the statute in question contains the following additional language: "Intent and knowledge shall be determined by an evaluation of all circumstances surrounding a transaction and the determination shall not be limited to the time of contract or agreement." 815 ILCS 515/3 (West 1994). We have carefully considered whether this additional language may be interpreted as relieving the court of its mandatory obligation to find the existence of intent or knowledge upon proof of the predicate facts. We conclude that it may not.

Perhaps the most probable meaning of this additional language is that, in determining intent or knowledge, the fact finder is not required to divine a defendant's state of mind as it existed at the precise moment the contract was signed but may, instead, consider circumstantial evidence related to the transaction which may indicate state of mind. Another interpretation of the language might be that *after* the defendant has come forward with evidence to rebut the presumption of his intent or knowledge flowing from the State's proof of the predicate facts, the fact finder should then consider all circumstances, including the defendant's explanation, in determining the defendant's state of mind. Under either interpretation, however, we cannot conclude that the fact finder has been instructed that it is free to accept or reject the suggested presumption, thereby converting the mandatory presumption to a mere permissible inference. If the legislature had not intended the presumption to be mandatory, we believe it would have placed permissive language near the beginning of subsection (c). Instead, that subsection begins with the words, "it *shall* be a rebuttable presumption of intent or knowledge" (emphasis added) (815 ILCS 515/3(c) (West 1994)), followed by an enumeration of the elements creating the presumption. Considering the trial court's express reliance on the presumption in convicting defendant of home repair fraud, it is evident that it interpreted subsection (c) as creating a rebuttable mandatory presumption.

Having concluded that the statute imposes a mandatory presump-

tion, we must next examine whether the requisite criminal intent or knowledge flows beyond a reasonable doubt from proof of the predicate facts. If this reasonable doubt test is satisfied, defendant will not have been prejudiced by the statutory presumption. See *Hester*, 131 Ill. 2d at 99.

Focusing on the applicable predicate facts of section 3(c), it was undisputed that there was no substantial performance by defendant of the building contract in view of the owners' decision to terminate defendant's work and to replace him with another contractor. Similarly, it was undisputed that defendant declined to return those payments he had received from the owners. Defendant's position was that he had not breached the contract and was entitled to retain payments he had received under the terms of the contract, at least until the dispute was resolved or the rights of the parties were adjudicated.

After finding that the State had failed to prove defendant guilty of theft by deception because there was insufficient evidence that defendant accepted money from the owners *with no intention of performing his duty to construct the building addition*, the trial court stated:

> "There is a little difference as I understand it with home repair fraud. Once they show any of certain elements that are set in the statute, it becomes a rebuttable presumption \*\*\*.
>
> \* \* \*
>
> Home repair fraud, that presents another problem simply because the State has shown a number of factors that create a rebuttable presumption. *The issue then really becomes is there evidence that would indicate that that rebuttable presumption has been rebutted?*" (Emphasis added.)

After reviewing other disputed section 3(c) factors which were, according to the trial court, explained by defendant, the court focused exclusively on the State's allegation that defendant failed to employ qualified personnel necessary to perform the work. 815 ILCS 515/3(c)(5) (West 1994). The court commented:

> "As I look through it, there is one element here that I received no evidence of. That was failure to employ qualified personnel necessary to perform the home repair. I think all the evidence I have about the excavator is that it was a terrible job in excavating, that it was way below the foundation, that it caused all those problems, that he dumped all the materials all over the place; and I presume that one of the reasons for that act is so that contractors take some care and caution in subcontractors that they do hire and, in fact, have essentially placed some criminal responsibility in the event they fail to do that; and I certainly heard noth-

ing that would overcome the presumption that was raised in the States's case.

So, I will enter a finding of guilty on the home repair fraud."

The central issue in the trial, applicable to both theft and home repair fraud, was whether defendant promised performance which he did not intend to perform. The State argues that the trial court correctly concluded that this criminal intent was established for purposes of home repair fraud beyond a reasonable doubt by defendant's failure to rebut the statutory presumption flowing from the following predicate facts: (1) no substantial performance; (2) failure or refusal to return payments; and (3) failure to employ qualified personnel necessary to do the work. As demonstrated by the circumstances of this case, we find these predicate facts insufficient to prove criminal intent beyond a reasonable doubt.

■ It is not uncommon in cases of building contract disputes for dissatisfied owners to terminate the contractor's performance prior to completion of the work. The owners, here, admit that they terminated defendant's performance. It is also understandable that a contractor who believes that the owner has breached the contract by wrongfully ordering termination may decide in good faith to retain moneys received until the dispute is resolved or the parties' rights are determined. Moreover, the act of hiring a subcontractor who, after the fact, is believed to have done a "terrible job" cannot, in conjunction with an ongoing contract dispute, support the conclusion that the general contractor harbored a criminal intent of taking the owner's payments with no intention of doing the work. There was no evidence in the present case that defendant knew in advance that the subcontractor was unqualified. In fact, there was no competent evidence that the subcontractor was unqualified apart from the fact that his performance on this particular job was viewed as being unsatisfactory. We hold that the State's proof of these three statutory predicate facts would not automatically prove beyond a reasonable doubt that defendant did not intend to perform his duties under the contract.

The facts of this case provide a classic example of how a mandatory presumption can operate to relieve the State of its burden of proving defendant's guilt beyond a reasonable doubt. After expressly finding that the evidence was insufficient to prove, for purposes of theft, that defendant accepted payments from the owners with no intention of constructing the building addition, the trial court found that the same element of intent had been sufficiently established for purposes of the offense of home repair fraud because defendant had failed to submit evidence to rebut the effect of the alleged predicate

facts. Yet, these predicate facts are reasonably subject to conflicting interpretation and fall short of demonstrating criminal intent beyond a reasonable doubt. In one case, failing to perform, refusing to return payments, and hiring unqualified personnel might well be the deliberate conduct of a contractor who has accepted the owners' payment with no intention of ever performing his duties. However, in another case, the same facts might be consistent with the actions of a contractor whose subcontractor's performance has been called into question and who finds himself embroiled in a typical civil dispute with the owner over whether the contract has been breached and by whom.

Considering that the trial court, in acquitting defendant of theft, found the evidence as a whole insufficient to prove that defendant promised performance which he did not intend to perform, it is evident that the statutory mandatory presumption undermined the trial court's responsibility to determine whether that intent was sufficiently established to support a home repair fraud conviction. Having determined that defendant had failed to rebut the presumption arising from evidence that he had hired an unqualified subcontractor, the court was legislatively mandated to enter a judgment of conviction. But for the application of the mandatory presumption, it appears certain that the trial court would have reached the same conclusion concerning the intent element that it reached in acquitting defendant of theft.

We must next consider whether our holding precludes a retrial of defendant on the home repair fraud count. In view of the trial court's express determination, as to the theft count, that the evidence as a whole failed to support the finding that defendant accepted money from the owners promising work which he did not intend to perform, we conclude that the doctrine of collateral estoppel precludes the relitigation of the same issue in a retrial for home repair fraud.

■ The doctrine of collateral estoppel bars the relitigation of factual issues which have necessarily been decided in a former proceeding between the same parties. *People v. Scott*, 148 Ill. 2d 479, 555 (1992). The following requisites must be met in order for the doctrine to apply: (1) the issue to be precluded is identical to the one previously decided; (2) the issue is a controlling fact or question in both cases; (3) a final judgment was rendered in the prior adjudication; and (4) the precluded party was a party or in privity with a party in the previous litigation. *People v. Filitti*, 190 Ill. App. 3d 884, 886 (1989).

■ Our examination of the indictment in the present case discloses that a common essential element in both the theft and

home repair fraud counts was that defendant did not intend to perform his duties under the contract. The trial court's findings make clear that the basis for acquittal of theft was the court's conclusion that the evidence as a whole was insufficient to prove beyond a reasonable doubt that defendant harbored such intent. We conclude, therefore, that the controlling issue of criminal intent has been adjudicated by the acquittal on count I and may not be relitigated. See *People v. Klingenberg*, 172 Ill. 2d 270 (1996).

In view of our resolution of these issues, it is unnecessary for us to address defendant's additional contentions, including his other challenges to the constitutional validity of the home repair fraud statute. Our holding is strictly confined to determining that the mandatory presumption created by that portion of section 3(c) of the Home Repair Fraud Act, identified in our discussion, is invalid as violative of due process of law.

For the foregoing reasons, the judgment of the circuit court of Lake County is reversed.

Reversed.

THOMAS and HUTCHINSON, JJ., concur.