THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
TERRANCE M. STICE, Defendant-Appellant.

Fourth District   No. 4—87—0672

Opinion filed April 28, 1988.—Rehearing denied May 27, 1988.

Kent R. Schnack, of Loos, Schnack & Siebers, of Quincy, for appellant.

Thomas K. Leeper, State's Attorney, of Quincy (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On September 21, 1987, in the circuit court of Adams County, defendant Terrance Stice was found guilty at a bench trial of the offense of driving under the influence of alcohol (DUI) in violation of section 11—501 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501) and was placed on a one-year period of court supervision with a fine of $200. Defendant appeals.

On June 27, 1987, defendant was placed under arrest for DUI and took a breath test, with the result being 0.17. Accordingly, he received a statutory summary suspension of three months. (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1.) On July 21, 1987, he filed a petition asking the suspension be rescinded.

A hearing was conducted on August 11, 1987. The court found there was not enough evidence to show the officer had reasonable grounds to believe defendant was under the influence of alcohol at the time of the arrest, and rescinded the suspension. The State did not appeal.

On August 13, 1987, defendant filed a motion to dismiss alleging the State was collaterally estopped from relitigating the issue of probable cause for the arrest of defendant. The motion was denied.

A bench trial was conducted on September 21, 1987. Ron Burgess, a police officer with the city of Quincy, was the lone witness. He testified he was on duty on June 27, 1987, when he was advised by a motorist that a truck was being operated erratically, and the motorist believed the driver was under the influence of alcohol. Burgess did not know the motorist nor did he get his name. After the motorist pointed out the truck, Burgess began to follow it.

As he followed the vehicle, it drifted in its lane, and on several occasions, its left rear wheel crossed the center line. Burgess stopped the vehicle, and defendant was the driver. Burgess observed an odor of alcohol on defendant's breath. He, therefore, had defendant exit the car, and he conducted four field-sobriety tests. Defendant satisfactorily performed on the finger-to-nose test and on the standing-on-one-foot test. He failed the walking heel-to-toe test and the recite-the-alphabet test. At this point, Burgess believed defendant was under the influence of alcohol and placed him under arrest. Burgess transported defendant to the police station, where a breath test was administered with a result of 0.17.

On cross-examination, Burgess testified he stopped defendant at 10:50 p.m. and administered the breath test at 11:18 p.m. He maintained he observed defendant at the police department for the required 20-minute interval prior to administering the test.

The court found the defendant guilty, explaining the testimony at the trial filled in gaps that were present at the rescission hearing. Defendant was placed on court supervision for a period of one year and ordered to pay a fine of $200. This appeal followed.

■ Defendant contends the court erred in denying his motion to dismiss. While the document is entitled "Motion to Dismiss," it is not artfully drawn. A review of its contents establishes that defendant was asserting the impropriety of his arrest because the officer lacked probable cause for the arrest. The proper forum for raising a lack of probable cause is a motion to suppress evidence pursuant to section 114–12 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1985, ch. 38, par. 114–12). Accordingly, since this court prefers to exalt substance over form, we will treat the motion as a motion to suppress.

The basis of defendant's motion is the court's ruling at the rescission hearing that the arresting officer had no reasonable grounds to believe defendant was driving while under the influence of alcohol. He asserts that, pursuant to the doctrine of collateral estoppel, this determination should apply to the criminal case.

■ Collateral estoppel means that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit. (*People v. Borchers* (1977), 67 Ill. 2d 578, 582, 367 N.E.2d 955, 957.) It applies where some controlling fact or question material to the determination of both causes has been adjudicated in the former suit by a court of competent jurisdiction. (*People v. Haran* (1963), 27 Ill. 2d 229, 231, 188 N.E.2d 707, 709; *Hoffman v. Hoffman* (1928), 330 Ill. 413, 417, 161 N.E. 723, 725.) The doctrine applies to criminal as well as civil proceedings. *Borchers*, 67 Ill. 2d at 582, 367 N.E.2d at 957.

■ However, an analysis of the difference between a rescission hearing and a criminal trial for DUI establishes that the doctrine of collateral estoppel does not apply. A rescission hearing, while it is conducted in the circuit court, is in reality a type of administrative hearing. The purpose of the rescission hearing is to grant a prompt post-suspension review of the suspension so as to comply with due process requirements. (See *Mackey v. Montrym* (1979), 443 U.S. 1, 61 L. Ed. 2d 321, 99 S. Ct. 2612;. *People ex rel. Eppinga v. Edgar* (1986), 112 Ill. 2d 101, 492 N.E.2d 187.) As such, the hearing is designed to be expeditious, and, in fact, allows for the evidence to be presented by means of the officer's written report. (Ill. Rev. Stat. 1985, ch. 95½, par. 2–118.1(b).) If collateral estoppel were applicable, then this de-

sire for expediency would be defeated. While the State may be willing to rely on the police reports as evidence in a rescission hearing if the sole determination is possible rescission of the suspension, it will be much less likely to rely on those reports if the result would be suppression of evidence in a criminal DUI trial. The State will feel the need to call its witnesses to protect the DUI prosecution. This will result in protracted proceedings with the rescission hearing being treated as a mini-trial. This would be contrary to the clear design and intent of the legislature for expeditious review of the suspension in a rescission hearing. Accordingly, we find the doctrine of collateral estoppel is not applicable between a rescission hearing and a DUI prosecution.

Affirmed.

McCULLOUGH and SPITZ, JJ., concur.