THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SHAWN G. FLYNN, Defendant-Appellee.

First District (6th Division)   No. 1—87—3660

Opinion filed April 20, 1990.

Cecil A. Partee, State's Attorney, of Chicago (Inge Fryklund, Linda Woloshin, and Patrick M. Brady, Assistant State's Attorneys, of counsel), for the People.

Nealis & Bradley, Ltd., of Chicago (Thomas V. Gainer, Jr., of counsel), for appellee.

PRESIDING JUSTICE LaPORTA delivered the opinion of the court:

This is an appeal by the State from an order of the circuit court granting the motion of defendant to suppress the results of his breathalyzer test in his trial for driving under the influence of alcohol (DUI). The issue on appeal is whether the trial court erred when it ruled that in the DUI prosecution the doctrine of collateral estoppel precluded the relitigation of an issue that was ruled on at the prior hearing to rescind defendant's statutory summary license suspension.

On February 23, 1987, defendant was arrested and charged with DUI, improper lane usage and failure to signal. On July 22, 1987, a hearing was conducted on defendant's petition to rescind the statutory summary license suspension. The arresting officer testified that after observing defendant's vehicle weaving between lanes, he stopped defendant and asked him if he had been drinking. Defendant replied that he had "a couple." The officer then administered three field-sobriety tests that defendant failed. Defendant was arrested and taken to the police station for a breathalyzer test. At the conclusion of the testimony, the trial court rescinded the summary suspension of defendant's driver's license because the officer was unable to produce a valid license to operate the breathalyzer machine and because the evidence presented indicated the possibility that there might have been a break in the required 20-minute observation period before defendant was given the breathalyzer test.

On October 29, 1987, defendant filed a motion to exclude the results of the breathalyzer test at the DUI prosecution. Defendant argued that since there had been a full hearing and determination that the results of the test were inadmissible, the State was collaterally estopped from relitigating their admissibility. At the hearing, the State indicated that it was prepared to present evidence that the arresting officer had a valid operating license at the time the test was administered and that there had been compliance with the 20-minute waiting period. The trial court granted defendant's motion, finding that since a full and complete consideration of these matters occurred at the hearing on defendant's petition to rescind the summary suspension of his license, the State was collaterally estopped from any further consideration at the DUI prosecution.

The State argues that it was error for the trial court to have applied the doctrine of collateral estoppel at the DUI trial to preclude the litigation of a ruling made at the previous summary suspension hearing. Defendant contends that the trial court acted properly in barring the relitigation of the admissibility of breathalyzer test results where that evidence had previously been found inadmissible at a summary suspension rescission hearing. In considering this issue we note that our appellate decisions are divided concerning whether a trial court's determination at a summary suspension hearing should apply to the later criminal case pursuant to the doctrine of collateral estoppel.

In *People v. Stice* (1988), 168 Ill. App. 3d 662, 523 N.E.2d 1054, *appeal denied* (1988), 122 Ill. 2d 590, 530 N.E.2d 259, the fourth district determined that an analysis of the difference between a rescis-

sion hearing and a criminal trial for DUI established that the doctrine of collateral estoppel did not apply. The court reasoned that a rescission hearing, although conducted in the circuit court, is in reality a type of administrative hearing, the purpose of which is to grant prompt post-suspension review so as to comply with due process requirements. (*Stice*, 168 Ill. App. 3d at 664, 523 N.E.2d at 1055.) As such, the hearing is designed to be expeditious and, if the doctrine of collateral estoppel applied, then the desire for expeditious resolution would be defeated. *Stice*, 168 Ill. App. 3d at 664-65, 523 N.E.2d at 1055-56.

In *People v. Filitti* (1989), 190 Ill. App. 3d 884, 546 N.E.2d 1142, the second district noted that the exceptions to the doctrine of collateral estoppel include situations where there are differences in the quality or extensiveness of the procedures followed in the two courts (*Filitti*, 190 Ill. App. 3d at 886, 546 N.E.2d at 1144; Restatement (Second) of Judgments §28(3) (1982)), and although *Stice* did not mention this exception, it apparently relied on a similar rationale in deciding the issue (*Filitti*, 190 Ill. App. 3d at 886-87, 546 N.E.2d at 1144). The *Filitti* court followed the *Stice* decision and held that the doctrine of collateral estoppel did not apply to prohibit the State, which was contesting a motion to dismiss in a DUI case, from relitigating an issue (whether the arresting officer had reasonable ground to believe that the defendant had been driving under the influence of alcohol) that had already been decided at a summary suspension hearing.

Yet, in *People v. Moore* (1989), 184 Ill. App. 3d 102, 539 N.E.2d 1380, *appeal allowed* (1989), 127 Ill. 2d 632, 545 N.E.2d 123, the fifth district declined to follow the holding in *Stice*, ruling that the finding at a license suspension hearing of no probable cause to arrest a defendant for DUI precludes the State from relitigating that issue in a criminal prosecution for DUI, absent an appeal by the State from the court's finding at the rescission hearing. The court reasoned that the function of a preliminary hearing in a criminal prosecution is to insure a prompt determination of whether the crime charged was committed and, if so, whether probable cause exists to believe that the defendant was the perpetrator. (*Moore*, 184 Ill. App. 3d at 106, 539 N.E.2d at 1382.) If the defendant files a pretrial motion to suppress evidence which is heard and granted at the preliminary hearing, that ruling is *res judicata* of the issues raised by the motion. (*Moore*, 184 Ill. App. 3d at 106, 539 N.E.2d at 1382.) Consequently, the court explained, there is no reason to deny the use of collateral estoppel in a criminal prosecution for DUI when lack of probable cause has been determined in a rescission hearing. *Moore*, 184 Ill. App. 3d at 106,

539 N.E.2d at 1383.

In *Stice* and in *Filitti*, the courts' rulings were reached by analogizing a rescission hearing to an administrative hearing. In *Moore*, the court's position was reached by analogizing a rescission hearing to a preliminary hearing in a criminal prosecution.

Defendant urges this court to adopt the holding in *Moore*, claiming that because the determination of whether the required observation period had been complied with was a question of ultimate fact (*People v. Malloy* (1979), 76 Ill. 2d 513, 395 N.E.2d 381; *People v. Borchers* (1977), 67 Ill. 2d 578, 367 N.E.2d 955), the doctrine of collateral estoppel should apply. We find the cases relied upon by defendant to be factually distinguishable from the case at bar, and we decline to follow the reasoning employed in *Moore* because we find the decisions in *Stice* and in *Filitti* to be persuasive.

■ A statutory summary suspension is an administrative function of the Secretary of State designed to protect persons who travel on the highways. (*Koss v. Slater* (1987), 116 Ill. 2d 389, 395, 507 N.E.2d 826, 829.) In *Slater*, the court determined that the issues involved in an implied-consent hearing were not so similar to the underlying charge of DUI that they became a part of the criminal process and that it is the decision on the merits of the DUI criminal proceeding that determines whether the defendant's license should be suspended or revoked. *Slater*, 116 Ill. 2d at 395, 507 N.E.2d at 829.

■ ■ Recognizing the difference in the nature of the proceedings, we hold that although the results of a breathalyzer test have been found inadmissible at a summary suspension hearing, the doctrine of collateral estoppel does not apply to preclude the State from litigating the validity of the breathalyzer test at the subsequent criminal trial of defendant for DUI.

In rejecting the holding of *Moore*, we note that the trial court there had determined at the rescission hearing that there was no probable cause to arrest the defendant for DUI. In the instant case, the trial court stated that the summary suspension was rescinded because the court was not satisfied that there was sufficient evidence that the officer who administered the breathalyzer test was certified at the time.

For the foregoing reasons, the order of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

McNAMARA and EGAN, JJ., concur.