THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. KENDALL HACKMAN, Defendant-Appellee.

First District (4th Division)   No. 1—88—0688

Opinion filed February 14, 1991.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Richard Cenar, and William D. Carroll, Assistant State's Attorneys, of counsel), for the People.

William M. Saracco, of Palos Heights, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Defendant, Kendall Hackman, was charged with driving under the influence of alcohol (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501) and improper lane usage and violation of median (Ill. Rev. Stat. 1985, ch. 95½, par. 11—708). The State appeals the circuit court ruling granting defendant's motion *in limine* in which defendant asserted that, under the doctrine of collateral estoppel, the State is precluded from litigating the issue of whether he was driving or was in actual physical control of the vehicle in question as these issues had been previously litigated at his summary suspension rescission hearing.

On appeal, the sole issue presented for our review is whether the doctrine of collateral estoppel precludes the State from litigating a fact in defendant's criminal trial that was previously determined in defendant's favor during a hearing to rescind the summary suspension of his driver's license.

We reverse.

The record reveals that on December 23, 1986, defendant was arrested and charged with driving under the influence of alcohol, improper lane usage and violation of median. At approximately 8:10 p.m. on the evening of December 23, Illinois State Police Trooper Steven E. Covey was called to the scene of an automobile accident in which personal injuries were sustained. The accident occurred in the vicinity of the intersection of Route 83 and Route 171 in Illinois. Defendant was identified as the party injured.

Defendant was immediately taken to Palos Heights Hospital for observation. At trial, Trooper Covey testified that defendant was "very glassy eyed, smelled strongly of alcohol *** [and] was quite combative toward the hospital personnel." After making these observations, Trooper Covey came to the conclusion that defendant was un-

der the influence of alcohol. This conclusion was also memorialized in Trooper Covey's previously written report describing the incident.

At the hospital, defendant submitted to a blood test. The test revealed that defendant had a blood-alcohol concentration level of 0.169. It is a violation of the Illinois Vehicle Code to operate a motor vehicle when an individual's blood-alcohol content is 0.10 or above. Ill. Rev. Stat. 1985, ch. 95½, par. 11—501. .

Defendant was subsequently arrested and pursuant to section 11—501.1 of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—501.1), his driver's license was suspended for a period of three months. Defendant then filed a request seeking to have the summary suspension of his driving privileges rescinded.

A rescission hearing was held on February 27, 1987. After the State rested, defendant moved for a directed verdict on grounds that there was no evidence introduced that he was driving the vehicle in question or that he was in actual control of the vehicle. The court granted defendant's motion for a directed verdict and rescinded the summary suspension of his driving privileges.

Subsequently, defendant filed a motion to dismiss his driving-under-the-influence charge on the basis of collateral estoppel. Defendant reasoned that since there was no evidence found at the rescission hearing that he was in fact driving or was in physical control of the car, the State could not now relitigate those issues at his criminal trial. Defendant's motion to dismiss was denied due to his filing of an improper motion. The court, however, granted defendant leave to file another motion.

Thereafter, defendant filed a motion *in limine* asserting the same arguments he had made in the previously dismissed motion. The trial court granted defendant's motion *in limine*, finding that the doctrine of collateral estoppel barred relitigation of the "driving" issue from defendant's criminal trial. It is from this decision that the State now appeals.

■■ "Collateral estoppel '*** stands for an extremely important principle in our adversary system of justice. It means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.' " (*People v. Grayson* (1974), 58 Ill. 2d 260, 263, quoting *Ashe v. Swenson* (1970), 397 U.S. 436, 443, 25 L. Ed. 2d 469, 475, 90 S. Ct. 1189, 1194.) The doctrine applies to criminal as well as civil cases. *People v. Stice* (1988), 168 Ill. App. 3d 662, 664.

■ A summary suspension rescission hearing is tantamount to an administrative hearing rather than part of a criminal proceeding. (*People v. Flynn* (1990), 197 Ill. App. 3d 13, 17; *People v. Stice* (1988), 168 Ill. App. 3d 662, 664.) The scope of a summary suspension hearing is limited to the determination of the following issues:

"(1) [W]hether the person was placed under arrest; (2) whether the arresting officer had probable cause to believe that the person was driving while under the influence; (3) whether the person refused to take a chemical test; and (4) whether the person failed a test to which that person submitted." *People v. Moore* (1990), 138 Ill. 2d 162, 167.

Ill. Rev. Stat. 1985, ch. 95½, par. 2—118.1(b).

■ Our supreme court in *People v. Moore* (1990), 138 Ill. 2d 162, recently decided the issue of whether determinations made in a summary suspension hearing may be used to collaterally estop the litigation of a question at a later criminal trial. Prior to this decision, the majority of the districts of the Illinois Appellate Court found that collateral estoppel could not be used to preclude relitigation of an issue that had previously been decided at a rescission hearing. (See *People v. Flynn* (1990), 197 Ill. App. 3d 13; *People v. Filitti* (1989), 190 Ill. App. 3d 884; *People v. Stice* (1988), 168 Ill. App. 3d 662.) The appellate court in *People v. Moore* (1989), 184 Ill. App. 3d 102, was the only panel that had reached a contrary decision.

Our supreme court, in reversing the *Moore* appellate court decision, first acknowledged that although the distinction between the functions of a suspension hearing in a driving-under-the-influence case and a preliminary criminal hearing was slight, there was still a difference in the two procedures. *Moore*, 138 Ill. 2d at 169.

The court explained that the legislative purpose of license suspension hearings was to provide an expeditious means of having a defendant's case heard in the context of an extremely limited scope. (*People v. Moore* (1990), 138 Ill. 2d 162, 169.) In finding that the doctrine of collateral estoppel did not preclude the litigation of certain issues previously decided at the defendant's suspension hearing, the court stated:

"[I]f these proceedings were given preclusive effect, it would render meaningless this legislative purpose. That is, the practical effect would be that the State or municipality could not rely on the sworn police report at these proceedings but, rather, would be required to have the arresting officer, and other witnesses, testify. The goal of conducting swift hearings for the sole purpose of determining whether a court has sufficient rea-

son to rescind summary suspension of a motorist's driving privileges will be thwarted. Given this probable result, and the fact that no injustice will be done to either party by declining to give preclusive effect to these license suspension hearings, we decline to do so." *Moore*, 138 Ill. 2d at 169.

We follow our supreme court in *Moore* in holding that the doctrine of collateral estoppel does not apply so as to preclude the State from litigating the issues at defendant's criminal trial that had been previously decided at defendant's rescission hearing.

For the foregoing reasons, the decision of the circuit court is reversed.

Reversed.

JIGANTI, P.J., and McMORROW, J., concur.