2011 WY 1

Kevin D. BOWEN, Appellant (Petitioner),

v.

STATE of Wyoming, DEPARTMENT OF TRANSPORTATION, Appellee (Respondent).

No. S–10–0063.

Supreme Court of Wyoming.

Jan. 4, 2011.

Representing Appellant: James A. Eddington of Jones & Eddington Law Offices, Torrington, Wyoming.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Robin Sessions Cooley, Deputy Attorney General; Douglas J. Moench, Senior Assistant Attorney General; Jackson M. Engels, Assistant Attorney General.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] In this appeal we review a determination by the Office of Administrative Hearings (OAH) to uphold the suspension of Kevin D. Bowen's (the appellant) driver's license. The only question presented to the OAH was whether the appellant's breath test results were legally obtained, and thus admissible. In finding that the suspension was proper, the OAH relied on a previous decision in the appellant's companion criminal case wherein the circuit court found that the breath test results were legally obtained. We find, under the doctrine of collateral estoppel, that the OAH's decision should be affirmed.

## ISSUE

[¶ 2] Was the appellant collaterally estopped from relitigating the question of the admissibility of his breath test results in his administrative license suspension hearing after the circuit court had already decided that issue against him in a criminal proceeding?

## FACTS

[¶ 3] The facts in this matter are undisputed. On January 8, 2009, a Wyoming Highway Patrol trooper stopped the appellant after observing the appellant's vehicle traveling approximately 40 mph in a 30 mph zone. The trooper observed signs of impairment and the appellant admitted to consuming alcohol prior to driving. Additionally, the appellant's performance in the field sobriety tests indicated that he was impaired and a portable breath test administered at the site registered a 0.13% blood alcohol concentration (BAC). The appellant was then arrested and transported to the detention facility where he again agreed to a breath test, which test revealed a 0.137% BAC.

[¶ 4] The appellant's drunken driving resulted in both a criminal prosecution for driving while under the influence of alcohol in violation of Wyo. Stat. Ann. § 31–5–233(b) (LexisNexis 2007), and an administrative license suspension proceeding, as mandated by Wyo. Stat. Ann. § 31–6–102 (LexisNexis 2007). In the criminal case, the appellant moved to suppress the breathalyzer evidence, alleging that the trooper performing the test was not properly trained on the device used to administer it.[1] The appellant's motion was heard and denied by a decision letter, issued April 22, 2009. The appellant entered a conditional guilty plea and Judgment and Sentence was entered on June 9, 2009.

[¶ 5] In the administrative proceeding, after the appellant was notified of and objected to the suspension of his license, the OAH held a contested case hearing on March 30, 2009. At that hearing, the appellant took the same position he had taken in the criminal case: the trooper was not properly trained on the breathalyzer device and thus the suspension was improper. Relying upon the circuit court's previous finding in the criminal case that the trooper was properly certified to operate the device, the OAH upheld the suspension on May 14, 2009.

---

1. The appellant argued that the trooper did not have the necessary training to perform the breath test as required by Wyo. Stat. Ann. § 31–6–105(a) (LexisNexis 2007) and certain Department of Health rules and regulations. The trooper used an updated version of the breathalyzer device (Intoximeter EC/IR II rather than the Intoximeter EC/IR). The appellant argued that because the trooper never received training on the updated device, the breath test violated the statute and rules and was invalid.

[¶ 6] The appellant sought review of both the OAH decision and the Judgment and Sentence in the criminal matter. After briefing by both parties, the district court entered its decision and order on appeal affirming the decisions in both the criminal and administrative proceedings. The appellant timely filed a notice of appeal to this Court.

## STANDARD OF REVIEW

[¶ 7] When considering an appeal from a district court's review of an administrative agency's action, we give "no special deference to the district court's decision," but instead review the case as if it had come directly from the administrative agency. *Dale v. S & S Builders, LLC,* 2008 WY 84, ¶ 8, 188 P.3d 554, 557 (Wyo. 2008). Our review of an administrative agency's action is governed by the Wyoming Administrative Procedure Act, which provides in pertinent part that the reviewing court shall:

(i) Compel agency action unlawfully withheld or unreasonably delayed; and

(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:

(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;

(B) Contrary to constitutional right, power, privilege or immunity;

(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;

(D) Without observance of procedure required by law; or

(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.

Wyo. Stat. Ann. § 16–3–114(c) (LexisNexis 2009).

This appeal involves only questions of law. "Absent evidentiary dispute, the standard of review for contested case hearings is simply stated as whether an agency's conclusions are in accordance with the law." *Parodi v. Wyo. Dep't of Transp.,* 947 P.2d 1294, 1295 (Wyo.1997). Questions of law are reviewed *de novo,* and "[c]onclusions of law made by an administrative agency are affirmed only if they are in accord with the law. We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law." *State ex rel. Workers' Safety & Comp. Div. v. Garl,* 2001 WY 59, ¶ 9, 26 P.3d 1029, 1032 (Wyo.2001) (citations omitted).

*Jacobs v. State ex rel. Wyo. Workers' Safety & Comp. Div.,* 2009 WY 118, ¶ 10, 216 P.3d 1128, 1131–32 (Wyo.2009).

## DISCUSSION

[¶ 8] In this appeal, we are reviewing the decision of the OAH to uphold the suspension of appellant's driver's license.[2] As noted above, the appellant raised the exact same issue in both the criminal and administrative cases. The circuit court found the breath test results to be admissible, and the OAH, relying on the circuit court's decision in the appellant's criminal case, as well as the decisions of two other Wyoming courts, reached the same conclusion. The OAH stated:

28. While this case was pending, the Circuit Court … issued a decision letter in *State of Wyoming v. Bowen* …. In the April 22, 2009 Decision Letter, the Circuit Court ruled that Trooper Sanders was properly certified to operate the Intoximeter EC/IR II on January 8, 2009 and Trooper Sanders was not required to undergo any additional training.

29. Thus, three higher Wyoming Courts have ruled that an officer certified to operate the Intoximeter EC/IR is also certified to operate the Intoximeter EC/IR II without additional testing. This Office cannot ignore such strong Wyoming precedent and will find as a matter of law Trooper Sanders' certification was valid for

---

**2.** When this case was docketed in this Court, the criminal case and the administrative case were docketed separately. However, this Court dismissed the criminal appeal because such review must be sought by petition for writ of review, not by appeal. Thus, only the administrative appeal is before us for review.

operating both the Intoximeter EC/IR and the Intoximeter EC/IR II at all times relevant to this case.

Although not specifically stating such, it appears from the language of the order that the OAH was relying on the doctrine of *stare decisis* in reaching its conclusion.

[¶ 9] The district court reviewed and affirmed the OAH's decision on grounds of collateral estoppel, which doctrine it found to be more appropriate than *stare decisis*. Although we do not give any deference to the district court's decision, we will likewise affirm the OAH's decision on collateral estoppel grounds.

■ [¶ 10] We recently reiterated that collateral estoppel may be applied in the context of administrative cases:

In *Salt Creek Freightways*, we noted that although many cases speak of res judicata in the administrative context, they actually apply collateral estoppel. *Salt Creek Freightways [v. Wyo. Fair Employment Practices Comm'n]*, 598 P.2d [435,] 437 [ (Wyo. 1979) ]. Collateral estoppel is the appropriate doctrine since collateral estoppel bars relitigation of previously litigated *issues*. *Salt Creek Freightways*, 598 P.2d at 438 (*quoting Roush v. Roush*, 589 P.2d 841, 843 (Wyo.1979) (per curiam)). *See also Bresnahan v. May Dept. Stores Co.*, 726 S.W.2d 327, 329 (Mo.1987) (when a fact is properly determined in one legal proceeding, it is given effect in another lawsuit). Res judicata on the other hand bars relitigation of previously litigated *claims* or causes of action. *Salt Creek Freightways*, 598 P.2d at 437. *See also Batson v. Shiflett*, [325 Md. 684,] 602 A.2d [1191,] 1201 [ (1992) ] (*quoting Parklane Hosiery*

*Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Since administrative decisions deal primarily with issues rather than causes of action or claims, collateral estoppel is the appropriate doctrine. *Salt Creek Freightways*, 598 P.2d at 437.

*Jacobs*, 2009 WY 118, ¶ 12, 216 P.3d at 1132 (emphasis in original) (quoting *Slavens v. Bd. of County Comm'rs for Uinta County*, 854 P.2d 683, 686 (Wyo.1993)). When applying collateral estoppel, we consider four factors:

(1) whether the issue decided in the prior adjudication was **identical** with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*Wilkinson v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 991 P.2d 1228, 1234 (Wyo.1999) (emphasis in original) (quoting *Slavens*, 854 P.2d at 686).

■ [¶ 11] The issue raised in this appeal is one of first impression for this Court. Furthermore, we are unable to find authority from any other jurisdiction addressing this particular factual scenario.[3] Nevertheless, we find application of collateral estoppel to these facts to be clear and straightforward: 1) the issue was identical in both proceedings: whether the trooper was properly trained to perform the breath test using the EC/IR II making the breath-test results admissible; 2) the circuit court's determination

---

**3.** We note that courts have addressed the applicability of collateral estoppel under other circumstances involving criminal and administrative cases. *See Huelsman v. Kansas Dep't of Revenue*, 267 Kan. 456, 980 P.2d 1022, 1025–27 (1999) (suppression of evidence in DUI prosecution based on lack of probable cause did not collaterally estop state from arguing in license suspension proceeding that officer had "reasonable grounds" to request a breath test pursuant to the implied consent law); *State v. Young*, 3 Neb.App. 539, 530 N.W.2d 269, 273–77 (1995) (holding that collateral estoppel does not require a criminal court to accept as binding an adminis-

trative proceeding's license revocation determination); *In re Mehrer*, 273 N.W.2d 194, 197 (S.D. 1979) (no collateral estoppel in license revocation proceedings despite dismissal of DUI charge against defendant in criminal case because different elements must be proven to show DUI versus violation of implied consent laws); *City of Manhattan v. Huncovsky*, 22 Kan.App.2d 189, 913 P.2d 227, 232 (1996) (criminal court not collaterally estopped from deciding validity of breath test where agency questioned validity of breath test results and dismissed administrative proceedings).

that the trooper was properly trained and that the breath test was admissible was a final determination of that issue; 3) the appellant, the party against whom collateral estoppel was asserted, was a party to both proceedings; 4) finally, the prior criminal case afforded the appellant a full and fair opportunity to litigate the issue. When applying collateral estoppel to an issue raised in a civil action, which issue was previously litigated in a criminal action, we have said that criminal proceedings present a defendant with a full and fair opportunity to litigate the issues because a criminal defendant has strong incentives to defend vigorously the charges against him. *Worman v. Carver*, 2002 WY 59, ¶ 21, 44 P.3d 82, 87–88 (Wyo. 2002). In this case, the criminal proceedings afforded the appellant a full evidentiary hearing wherein he offered evidence, examined witnesses, and made arguments.[4]

[¶ 12] We conclude that the doctrine of collateral estoppel precluded the appellant from relitigating the question of whether his breath test results were legally obtained.[5] The OAH's determination is affirmed.

---

4. The parties have not raised the question of whether the application of collateral estoppel should be affected by the fact that the appeal in the criminal case was still pending at the time the district court made its ruling. *See Rantz v. Kaufman*, 109 P.3d 132, 141 (Colo.2005) ("for the purposes of issue preclusion, a judgment that is still pending on appeal is not final"). This Court has not directly answered that question. *See Wilkinson*, 991 P.2d at 1234 and *Slavens*, 854 P.2d at 687. We need not answer the question now because the criminal appeal has since been dismissed, meaning it would not be a bar to the application of collateral estoppel were we to remand the case.

5. We note the limited nature of our decision in this matter. Although we find that collateral estoppel applies under these specific circumstances, the same may not be true in other similar situations. For example, we cannot say that collateral estoppel would always bar an administrative body from addressing an issue previously decided by a criminal court; nor does this holding stand for the proposition that a criminal defendant should be collaterally estopped from arguing an issue in his criminal case that had previously been decided in an administrative proceeding. Neither of these questions, nor any others not specifically addressed, were raised by the parties nor do they arise under the facts of this case.