2011 WY 32

**Edward ELLIOTT, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. S–10–0074.

Supreme Court of Wyoming.

Feb. 24, 2011.

Representing Appellant: R. Michael Vang of Fleener & Vang, LLC, Laramie, Wyoming.

Representing Appellee: Bruce A. Salzburg, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Leda M. Pojman, Senior Assistant Attorney General. Argument by Ms. Pojman.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] This matter comes before the Court as a question certified to us by the district court for resolution under W.R.A.P. 11. The Appellant is Edward Elliot and the Appellee is the State of Wyoming (State). As rephrased by this Court, the question to be decided is:

> Does collateral estoppel apply to an Office of Administrative Hearing [examiner's] ruling that found an officer lacked probable cause to arrest a defendant under Wyoming's implied consent statute, for the

same incidents resulting in the defendant's conditional plea for DWUI? [1]

[¶ 2]   We answer the certified question in the negative and remand to the district court for proceedings consistent with this opinion.

## FACTS

[¶ 3]   In accordance with W.R.A.P. 11.03(b), the district court provided this statement of all facts relevant to the question certified:

On January 17, 2009, Edward Elliot, the Defendant/Licensee/Appellant was arrested by Officer Curtis Bennett of the Douglas Police Department for driving while under the influence (DWUI) in Converse County Wyoming in violation of Wyoming Statute § 31–5–233.   [Elliott] appeared through counsel at his implied consent hearing, which was held on April 1, 2009. WYDOT appeared and presented evidence through the *Officer's Signed Statement* and certified record, and [Elliott] appeared via telephone with his attorney . . . .

During the implied consent hearing the OAH allowed [Elliott] to supplement the record with a copy of a DVD of the stop and arrest that [Elliott] had received from the Converse County Attorney's Office through criminal discovery, as well as allowing [him] to file a *Motion to Vacate Proposed Suspension.* . . .

On April 30, 2009, OAH entered Findings of Fact, Conclusions of Law, Decision and Order Rescinding Per Se Suspension.

On May 18, 2009, [Elliott] mailed to the Clerk of Converse County Circuit Court a *Motion to Dismiss Based on Collateral Estoppel and Res Judicata.* . . . The State responded to this motion on May 29, 2009 with *State's Response to Defendant's Motion to Dismiss Based on Collateral Estoppel and Res Judicata* [.]   . . . The Circuit Court denied [Elliott's] motion and allowed a conditional plea and appeal to resolve the certified question in this case.

The parties have stipulated that the following facts apply to all of the *proceedings:*

(1)   The hearing examiner determined that there was no probable cause to arrest [Elliott] pursuant to Wyoming Statute § 31–6–102(a)(i)(A);

(2)   Probable cause is an element in both the implied consent hearing and the underlying DWUI charge;

(3)   The officer in every case was required to fill out an *Officer's Signed Statement* under penalty of perjury, which is the certified record and only evidence the officer is required to file to support a proposed suspension under Wyoming's Implied Consent Law[.] (citations omitted);

(4)   The *Officer's Signed Statement* contains a place at the very bottom of the form right below the officer's signature line that states in bold print that: "I request to be subpoenaed to an administrative hearing (OAH) if one is requested.   ___ initials." . . .

(5)   When an officer initials in the box requesting to be subpoenaed to an OAH implied consent hearing, the officer is generally subpoenaed by the Wyoming Attorney General's Office, which will appear and participate with the officer in the OAH implied consent hearing.

(6)   When an officer does not initial the *Officer's Signed Statement* requesting to be subpoenaed, which is the situation in Mr. Elliot's case and all of the cases currently pending in District Court in Albany County, then the arresting officer is not subpoenaed. Under these circumstances, neither the arresting officer, nor the Wyoming Attorney General's Office participates in the hearing, which is what happened in the present appeal.

(7)   [Elliott] and his attorney were the only participants in any of the implied consent hearings resulting in the findings

---

1.   Although Elliot included in his issue the companion argument of res judicata, he conceded in his reply brief that res judicata does not apply in this situation.   We agree.   The proper doctrine for our consideration here is, instead, collateral estoppel.   While res judicata bars the re-litiga-
tion of previously litigated claims or causes of action, the prior adjudication we attend to in this case determined that the officer did not have probable cause to arrest Elliot, hence the consideration of "issue preclusion."

of no probable cause to arrest for DWUI that [Elliott] is attempting to use as collateral estoppel and res judicata as a basis to dismiss the underlying DWUI charge that was the basis of the conditional plea and if the issue is resolved in favor of [Elliott] it is a dispositive issue that will result in dismissal.

(8) [Elliott] preserved the issue of application of collateral estoppel and res judicata within his *Motion to Dismiss Based on Collateral Estoppel and Res Judicata* [.]

(9) [Elliott] entered a conditional plea preserving his right to appeal the proposed certified question....

## DISCUSSION

[¶ 4] Elliot contends that the State is collaterally estopped from pursuing a misdemeanor driving under the influence prosecution against him because the Office of Administrative Hearings (OAH), in proceedings contesting a Wyoming Department of Transportation (WYDOT) driver's license suspension, found that the arresting officer lacked probable cause to arrest him for driving under the influence.

[¶ 5] The preclusion doctrines of collateral estoppel and res judicata apply in the administrative context. However, this Court has stated that the issue preclusion associated with collateral estoppel is more appropriate in an administrative setting than the claim preclusion doctrine of res judicata. *Jacobs v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2009 WY 118, ¶ 12, 216 P.3d 1128, 1132 (Wyo.2009); *Slavens v. Board of County Comm'rs for Uinta County*, 854 P.2d 683, 685–86 (Wyo.1993).

[¶ 6] The factors considered in determining whether collateral estoppel applies are as follows:

(1) Whether the issue decided in the prior adjudication was identical with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; (3) whether the party against whom the collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

*R.C.R., Inc. v. Deline*, 2008 WY 96, ¶ 17, 190 P.3d 140, 153 (Wyo.2008).

[¶ 7] Even if the elements of collateral estoppel are met, several exceptions may apply:

Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:

(1) The party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action; or

(2) The issue is one of law and (a) the two actions involve claims that are substantially unrelated, or (b) a new determination is warranted in order to take account of an intervening change in the applicable legal context or otherwise to avoid inequitable administration of the laws; or

(3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them; or

(4) The party against whom preclusion is sought had a significantly heavier burden of persuasion with respect to the issue in the initial action than in the subsequent action; the burden has shifted to his adversary; or the adversary has a significantly heavier burden than he had in the first action; or

(5) There is a clear and convincing need for a new determination of the issue (a) because of the potential adverse impact of the determination on the public interest or the interests of persons not themselves parties in the initial action, (b) because it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action, or (c) because the party sought to be pre-

cluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action.

Restatement (Second) of Judgments § 28 (1980).

[¶ 8] To understand why we are answering the district court's certified question in the negative, we begin by analyzing the elements of collateral estoppel in light of the present case. The first two elements are met but the last two elements are not. We disagree with Elliot's argument that privity exists here because the relationship between the governmental agencies in this case is similar to that addressed in *State v. Eleven Thousand Three Hundred Forty–Six Dollars & No Cents in United States Currency,* 777 P.2d 65 (Wyo.1989). There, this Court found privity to exist because the deputy county attorney who handled the criminal prosecution was appointed as a special assistant attorney general to initiate and conduct the subsequent forfeiture hearing. Here, we disagree that privity similarly exists between WYDOT and the offices of the county and district attorneys involved. "Privity is not established ... from the mere fact that persons may happen to be interested in the same question or in proving or disproving the same state of facts." 47 Am.Jur.2d, *Judgments* § 589. Here, WYDOT is only granted the authority to suspend a driver's license after an arrest and to thereafter defend that suspension in an administrative context. See Wyo. Stat. Ann. §§ 16–3–103, 16–3–104, 16–3–112; 31–5–233; 31–6–102, 31–6–103 (LexisNexis 2009). On the other hand, the county and district attorneys are responsible for prosecuting, investigating, and representing the State of Wyoming in all *criminal* matters. See Wyo. Stat. Ann. §§ 9–1–801, 9–1–804; 18–3–301, 18–3–302 (LexisNexis 2009). No privity exists between WYDOT and the county and district attorneys.

[¶ 9] Moving on to the fourth and final element of collateral estoppel, the full and fair opportunity to litigate, we are persuaded that county and district attorneys, because of the nature of their offices, are denied a full and fair opportunity to litigate any issue in an administrative hearing. Although we have not formally held that collateral estoppel does not prevent the State from litigating issues at a criminal trial that were *previously* decided in an administrative setting, we see the point of doing so due to the differing purposes and policies behind the two types of proceedings. When applying collateral estoppel to an issue raised in a civil action, which issue was previously litigated in a criminal action, we have said that criminal proceedings present a defendant with a full and fair opportunity to litigate the issues because a criminal defendant has strong incentives to defend vigorously the charges against him. *Worman v. Carver,* 2002 WY 59, ¶ 21, 44 P.3d 82, 87–88 (Wyo.2002). We have generally acknowledged, however, the purpose of maintaining the separate proceedings. In fact, in the very recent case, *Bowen v. State,* 2011 WY 1, 245 P.3d 827, (Wyo. 2011), the criminal proceedings afforded the appellant a full evidentiary hearing wherein he offered evidence, examined witnesses, and made arguments. We concluded that the doctrine of collateral estoppel precluded the appellant from re-litigating the question of whether his breath test results were legally obtained. *Bowen,* ¶ 12, 245 P.3d at 831. Taking that into account, we note, as did the *Bowen* court, that "courts have addressed the applicability of collateral estoppel under other circumstances involving criminal and administrative cases." *Id.,* ¶ 11 n. 3, 245 P.3d. at 831. See *Huelsman v. Kansas Dep't of Revenue,* 267 Kan. 456, 980 P.2d 1022, 1025–27 (1999) (suppression of evidence in DUI prosecution based on lack of probable cause did not collaterally estop state from arguing in license suspension proceeding that officer had "reasonable grounds" to request a breath test pursuant to the implied consent law); *State v. Young,* 3 Neb.App. 539, 530 N.W.2d 269, 273–77 (1995) (holding that collateral estoppel does not require a criminal court to accept as binding an administrative proceeding's license revocation determination); *In re Mehrer,* 273 N.W.2d 194, 194, 197 (S.D.1979) (no collateral estoppel in license revocation proceedings despite dismissal of DUI charge against defendant in criminal case because different elements must be proven to show DUI versus violation of implied consent laws).

[¶ 10] Further illustrating the foregoing point, we cite to *People v. Hackman,* 209

Ill.App.3d 779, 153 Ill.Dec. 882, 567 N.E.2d 1109, 1110–11 (1991), wherein the court held it would not apply collateral estoppel in a criminal prosecution to a prior determination made in a hearing to rescind a driver's summary license suspension:

> Our supreme court in *People v. Moore* (1990), 138 Ill.2d 162 [149 Ill.Dec. 278, 561 N.E.2d 648], recently decided the issue of whether determinations made in a summary suspension hearing may be used to collaterally estop the litigation of a question at a later criminal trial. Prior to this decision, the majority of the districts of the Illinois Appellate Court found that collateral estoppel could not be used to preclude re-litigation of an issue that had previously been decided at a rescission hearing. (See *People v. Flynn* (1990), 197 Ill.App.3d 13 [143 Ill.Dec. 733, 554 N.E.2d 668]; *People v. Filitti* (1989), 190 Ill.App.3d 884 [138 Ill.Dec. 87, 546 N.E.2d 1142]; *People v. Stice* (1988), 168 Ill.App.3d 662 [120 Ill. Dec. 143, 523 N.E.2d 1054].) The appellate court in *People v. Moore* (1989), 184 Ill.App.3d 102 [132 Ill.Dec. 574, 539 N.E.2d 1380], was the only panel that had reached a contrary decision.

> Our supreme court, in reversing the *Moore* appellate court decision, first acknowledged that although the distinction between the functions of a suspension hearing in a driving-under-the-influence case and a preliminary criminal hearing was slight, there was still a difference in the two procedures. *Moore,* 138 Ill.2d at 169 [149 Ill.Dec. 278, 561 N.E.2d 648].

> The court explained that the legislative purpose of license suspension hearings was to provide an expeditious means of having a defendant's case heard in the context of an extremely limited scope. (*People v. Moore* (1990), 138 Ill.2d 162, 169 [149 Ill. Dec. 278, 561 N.E.2d 648].) In finding that the doctrine of collateral estoppel did not preclude the litigation of certain issues previously decided at the defendant's suspension hearing, the court stated:

> "[I]f these proceedings were given preclusive effect, it would render meaningless this legislative purpose. That is, the practical effect would be that the State could not rely on the sworn police report at these proceedings but, rather, would be required to have the arresting officer, and other witnesses, testify. The goal of conducting swift hearings for the sole purpose of determining whether a court has sufficient reason to rescind summary suspension of a motorist's driving privileges will be thwarted. Given this probable result, and the fact that no injustice will be done to either party by declining to give preclusive effect to these license suspension hearings, we decline to do so." *Moore,* 138 Ill.2d at 169 [149 Ill.Dec. 278, 561 N.E.2d 648].

*Id.,* 153 Ill.Dec. 882, 567 N.E.2d at 1111 (citations omitted). We agree with the reasoning that the doctrine of collateral estoppel does not apply so as to preclude the State from litigating the issues at defendant's criminal trial, that had been previously decided at an administrative hearing.

**CONCLUSION**

[¶ 11] We answer the certified question in the negative. Collateral estoppel does not apply to an Office of Administrative Hearing [examiner's] ruling that found an officer lacked probable cause to arrest a defendant under Wyoming's implied consent statute, for the same incidents resulting in the defendant's conditional plea for DWUI.