GRAY, Justice.
[¶1] Appellant Ariel Casiano challenges the Office of Administrative Hearings (OAH) decision to uphold the suspension of his driver's license. In the companion criminal case, the prosecution asserted that a gap in the chain of custody of Mr. Casiano's blood samples rendered blood alcohol content (BAC) test results inadmissible. The municipal court dismissed the criminal charges without prejudice and without reference to the chain of custody issue. The question presented here is whether collateral estoppel bars the OAH from considering Mr. Casiano's BAC test results in the license suspension proceeding. We conclude that collateral estoppel does not apply and affirm.
ISSUE
[¶2] Mr. Casiano asserts one issue which we rephrase:
Does the prosecutor's assertion in the criminal driving while under the influence (DWUI) case, that Mr. Casiano's BAC test results were inadmissible, collaterally estop the OAH from considering those same test results in the license suspension proceeding?
FACTS
[¶3] The facts in this case are undisputed. On September 29, 2016, Cheyenne Police Officer Hall arrested Mr. Casiano for driving while under the influence of alcohol. Officer Hall obtained a search warrant for a blood draw pursuant to Wyo. Stat. Ann. § 31-6-102(d) (LexisNexis 2017). Shortly after midnight, blood was drawn, but it was not delivered to the public health testing lab until eighteen days later on October 17, 2016. Subsequent *119 testing indicated Mr. Casiano's BAC was 0.10%.
[¶4] Criminal charges were filed in municipal court for DWUI in violation of Wyo. Stat. Ann. § 31-5-233(b) (LexisNexis 2017). On January 4, 2017, the city prosecutor moved to dismiss the criminal case. The prosecutor contended "there is insufficient evidence to establish a proper chain of custody for the time the blood samples were drawn on September 30th, 2016, to the time the blood samples were hand delivered to the Wyoming Department of Health's Chemical Testing Program (WCTP), on October 17th, 2016." According to the prosecutor, "[t]he [e]ighteen (18) day gap in the chain of custody of the Defendant's blood draw is unacceptable and renders the blood draw results inadmissible evidence ...." The municipal court dismissed the DWUI charge without prejudice and without reference to the chain of custody.
[¶5] Following the municipal court's dismissal, the Wyoming Department of Transportation (WYDOT or Department) held an administrative license suspension proceeding mandated by Wyo. Stat. Ann. § 31-6-102(f). WYDOT suspended Mr. Casiano's driver's license for 90 days. Mr. Casiano sought administrative review. Mr. Casiano relied on the prosecutor's pleading in municipal court. He maintained that collateral estoppel barred use of the BAC test results in the WYDOT suspension proceeding and that those results were inadmissible because the break in the chain of custody violated the Department of Health's testing standards. The OAH upheld the suspension, reasoning that there "is no privity between the Cheyenne Municipal prosecutor and the Department" and that "no evidence was provided to establish the 18-day gap [in delivery of the blood sample to the Department of Health] resulted in a chain of custody issue." Mr. Casiano appealed the ruling to the district court. The district court affirmed the suspension. Mr. Casiano timely appeals.
STANDARD OF REVIEW
[¶6] "When we consider an appeal from a district court's review of an administrative agency's decision, we are not bound by the conclusions of the district court." Lietz v. State ex rel. Dept. of Family Services , 2018 WY 127, ¶ 10, 430 P.3d 310, 313 (Wyo. 2018) (citing Reynolds v. West Park Hospital District , 2010 WY 69, ¶ 6, 231 P.3d 1275, 1277 (Wyo. 2010) ; Guier v. Teton Cty. Hosp. Dist. , 2011 WY 31, ¶¶ 12-13, 248 P.3d 623, 629-30 (Wyo. 2011) ). We consider appeals from a district court's review of an administrative action as if the case had come directly from the administrative agency. Guier , ¶ 12, 248 P.3d at 629 ; Bowen v. State , 2011 WY 1, ¶ 7, 245 P.3d 827, 829 (Wyo. 2011) ; State ex rel. Wyoming Workers' Comp. Div. v. Brewbaker , 972 P.2d 962, 964 (Wyo. 1999).
[¶7] The Wyoming Administrative Procedure Act sets forth the scope of review for administrative decisions:
(c) To the extent necessary to make a decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. In making the following determinations, the court shall review the whole record or those parts of it cited by a party and due account shall be taken of the rule of prejudicial error. The reviewing court shall:
(i) Compel agency action unlawfully withheld or unreasonably delayed; and
(ii) Hold unlawful and set aside agency action, findings and conclusions found to be:
(A) Arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law;
(B) Contrary to constitutional right, power, privilege or immunity;
(C) In excess of statutory jurisdiction, authority or limitations or lacking statutory right;
(D) Without observance of procedure required by law; or
(E) Unsupported by substantial evidence in a case reviewed on the record of an agency hearing provided by statute.
Wyo. Stat. Ann. § 16-3-114(c) (LexisNexis 2017).
*120 [¶8] This appeal involves only questions of law. Our standard of review of an agency's conclusions of law is de novo . "[W]e will affirm an agency's legal conclusion only if it is in accordance with the law." Lietz , ¶ 11, 430 P.3d at 314 (quoting Guier , ¶ 13, 248 P.3d at 630 ). "We do not afford any deference to the agency's determination, and we will correct any error made by the agency in either interpreting or applying the law." Bowen , ¶ 7, 245 P.3d at 829 (quoting Jacobs v. State ex rel. Wyo. Workers' Safety & Comp. Div. , 2009 WY 118, ¶ 11, 216 P.3d 1128, 1132 (Wyo. 2009) ).
DISCUSSION
Does the prosecutor's assertion in the criminal DWUI case, that Mr. Casiano's BAC test results were inadmissible, collaterally estop the OAH from considering those same test results in the license suspension proceeding?
[¶9] Mr. Casiano seeks review of the OAH's decision to uphold the suspension of his driver's license. Mr. Casiano contends that the OAH was collaterally estopped from considering BAC test results, because the companion criminal case was dismissed, and the pleadings supporting the dismissal were based on an 18-day gap in the chain of custody of the blood sample. The district court determined that collateral estoppel did not apply in the administrative proceeding because the municipal court did not decide the merits of admissibility of the BAC test results, there was no privity between the city prosecutor and WYDOT, and WYDOT did not have a full and fair opportunity to litigate the issue in municipal court. Although we give no deference to the district court's decision, we will affirm the OAH decision for essentially the same reasons.
[¶10] Like res judicata, which bars relitigating claims, collateral estoppel bars relitigating issues.[1] Whaley v. Flitner Ltd. P'ship , 2017 WY 59, ¶ 27, 395 P.3d 653, 662 (Wyo. 2017) ; Rathbun v. State , 2011 WY 116, ¶¶ 9-10, 257 P.3d 29, 33 (Wyo. 2011). Four elements must be present for collateral estoppel to apply: (1) the issue decided in the prior proceeding must be identical to the issue presented in the present action; (2) the prior proceeding must have resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted must have had a "full and fair opportunity to litigate the issue in the prior proceeding." Robert L. Kroenlein Trust v. Kirchhefer , 2015 WY 127, ¶ 40, 357 P.3d 1118, 1134 (Wyo. 2015) ; see also Bowen , ¶ 10, 245 P.3d at 830.
[¶11] Mr. Casiano argues all four conditions are met and collateral estoppel applies. The first element requires the issue decided in the first proceeding be identical to the issue in the current proceeding. The State concedes that the issue, the admissibility of the BAC test, is identical in both the criminal and the administrative proceedings. However, the State contends the issue was not decided in the criminal proceeding. The State further maintains that the other three collateral estoppel requirements have not been met.
[¶12] The first element of collateral estoppel requires "the issue decided in the prior adjudication [be] identical [to] the issue presented in the present action." Bowen , ¶ 10, 245 P.3d at 830 ; see also Kroenlein Trust , ¶ 40, 357 P.3d at 1134 ; R.C.R., Inc. v. Deline , 2008 WY 96, ¶ 17, 190 P.3d 140, 153 (Wyo. 2008). We agree that the issue, admissibility of the BAC test result, is identical in both the criminal and administrative cases.
[¶13] Next, the issue must have been "actually litigated" in the prior adjudication for collateral estoppel to apply. 46 Am. Jur. 2d Judgments § 472, Westlaw (database updated January 2019). An issue is actually litigated, "if it is properly raised in the pleadings or otherwise submitted for determination and [is] in fact determined." Id. § 473. In Bowen v. State , we considered whether a *121 defendant was collaterally estopped from litigating the admissibility of his breath test results in his license suspension proceeding after the circuit court had decided the issue against him in an earlier criminal proceeding. Id. ¶ 2, 245 P.3d at 828. We found that the issue had been litigated because "the circuit court's determination that the trooper was properly trained and that the breath test was admissible was a final determination of that issue." Id. ¶ 11, 245 P.3d at 830-31. Here, the city attorney submitted that the gap in the chain of custody "render[ed] the blood draw results inadmissible evidence." The municipal court dismissed the case without a hearing and the question of the admissibility of the evidence was never decided. Accordingly, the issue, while identical, was not decided in the prior proceeding, and the first element of collateral estoppel cannot be established.
[¶14] The question of whether the issue was "actually litigated" is closely related to the second requirement of collateral estoppel that the prior adjudication resulted in a judgment on the merits. Kroenlein Trust , ¶ 40, 357 P.3d at 1134. The municipal court did not issue a judgment on the merits; instead, it dismissed the case without prejudice. "[A] dismissal without prejudice has no preclusive effect." Rawlinson v. Wallerich , 2006 WY 52, ¶ 10, 132 P.3d 204, 207 (Wyo. 2006) (holding that where the action was voluntarily dismissed without prejudice, the claim was not adjudicated and the doctrine of res judicata does not apply). The second element of collateral estoppel is not satisfied.
[¶15] The third requirement, privity between the parties against whom collateral estoppel is asserted, is also absent here. Privity "signifies that the relationship between two persons is such that a judgment involving one of them is conclusive upon the other, although the other was not a party to the suit." Grynberg v. L & R Exploration Venture , 2011 WY 134, ¶ 23, 261 P.3d 731, 737 (Wyo. 2011). However, "[p]rivity is not established ... from the mere fact that persons may happen to be interested in the same question or in proving or disproving the same state of facts." Elliott v. State , 2011 WY 32, ¶ 8, 247 P.3d 501, 504 (Wyo. 2011) (quoting 47 Am. Jur. 2d Judgments § 589 ). Examples of "legal relationships that bind a nonparty to an earlier judgment are preceding and succeeding owners of property, bailors and bailees, assignors and assignees and nonparties who are adequately represented by someone with the same interests who was a party." Grynberg , ¶ 23, 261 P.3d at 737. Mr. Casiano asserts that because "the City of Cheyenne derives its powers directly from the State" there is privity between the city attorney and WYDOT.
[¶16] It is undeniable that there is a connection between the State of Wyoming, the City of Cheyenne (the City or Cheyenne), and WYDOT. However, that connection is not determinative of privity. In cases where governmental entities are parties in successive actions, if a
second action involves an agency or official whose functions and responsibilities are so distinct from those of the agency or official in the first action that applying [issue] preclusion would interfere with the proper allocation of authority between them, the earlier judgment should not be given preclusive effect in the second action.
Restatement (Second) of Judgments § 36, cmt. f, Westlaw (database updated October 2018).
[¶17] Administrative and criminal proceedings have distinct purposes:
The purpose of [ ] administrative proceedings ... is to police licensing requirements within the state, while the state's attorney's interest in the criminal proceeding is in having guilt or innocence determined under the applicable criminal law and in seeing that proper punishment is meted out in the event that the criminal law has been violated. The state's attorney represents the broader public interest in the effective administration of criminal justice.
Cook v. State , 921 So.2d 631, 639 (Fla. 2005). The Minnesota Supreme Court considered this distinction. A defendant claimed that an administrative finding, that there was no probable cause to stop him, was binding on the state in his criminal prosecution for DWUI. State v. Lemmer , 736 N.W.2d 650, 653 (Minn. 2007). The court explained, "[the *122 Minnesota counterpart to WYDOT] was established for the purpose of regulating drivers' licensing and safety responsibility. ... That purpose is separate and distinct from the prosecution of crimes, which is the function that the state is serving in the DWI prosecution." Id. at 661. The court found that these responsibilities were "so distinct" that "applying collateral estoppel would interfere with the proper allocation of authority between [the Minnesota counterpart to WYDOT] and the state." Id . at 662 (citing Restatement (Second) Judgments § 36, cmt. f). Accordingly, the court concluded there was no privity between the Minnesota agency regulating drivers' licenses and the state in the criminal DWUI prosecution. Id . at 663.
[¶18] Similarly, in Elliott , we recognized that the interests of the State in criminal prosecutions and WYDOT in a license suspension or revocation proceeding are so distinct that they preclude privity. Id. ¶ 8, 247 P.3d at 504 ("WYDOT is only granted the authority to suspend a driver's license after an arrest and ... defend that suspension in an administrative context" while "county and district attorneys are responsible for ... representing the State of Wyoming in all criminal matters.") (emphasis omitted). In that case, we considered whether an OAH finding that there was no probable cause to arrest a defendant for DWUI collaterally estopped the State from prosecuting him for DWUI in circuit court. Id. ¶ 4, 247 P.3d at 503. We held that collateral estoppel did not apply, in part, because "[n]o privity exists between WYDOT and the county and district attorneys ." Id. ¶ 8, 247 P.3d at 504 (emphasis added). Our holding in Elliott could have been more clearly worded. County and district attorneys are not parties to litigation in criminal prosecutions. County and district attorneys represent the State, the actual party to the litigation. Wyo. Stat. Ann. § 18-3-302(a) - (c) (LexisNexis 2017) (county attorneys fulfill duties of district attorneys in counties where there is no district attorney and may "appear ... in behalf of the people of the state ... in any action or proceeding, whether civil or criminal"); Wyo. Stat. Ann. § 9-1-804(a) (LexisNexis 2017) (district attorneys "[a]ct as prosecutor for the state"). The question, actually resolved in Elliott , was not whether the county or district attorney had privity with WYDOT, but whether the State had privity with WYDOT. Id. ¶ 8, 247 P.3d at 504. The answer reached in Elliott is that no privity exists. Id .
[¶19] Here, the question is whether there is privity between the City of Cheyenne and WYDOT. In Cheyenne, city attorneys have the authority to prosecute violations of city ordinances. Cheyenne, Wyo., Municipal Code ch. 2.08.040 (2018). Cheyenne has incorporated Wyo. Stat. Ann. § 31-5-233 (the statute prohibiting driving while under the influence of alcohol) in its city ordinances. Cheyenne, Wyo., Municipal Code ch. 10.08.010(A). Accordingly, the city attorney in this case acted on behalf of his client and the party to this prosecution, the City of Cheyenne. For the same reasons articulated in Elliott and Lemmer , we conclude that the roles of WYDOT (which has the authority to suspend licenses in administrative proceedings) and the City (which has the authority to prosecute violations of its ordinances) are distinct. Privity does not exist between the City of Cheyenne and WYDOT.
[¶20] Mr. Casiano also argues that our decision in Bowen , 245 P.3d 827 requires the conclusion that privity exists, and collateral estoppel applies here. In Bowen , we concluded that the defendant was collaterally estopped from relitigating the admissibility of breath test results in his administrative license suspension hearing when the circuit court had decided the issue in the companion criminal proceeding. Id. ¶ 11, 245 P.3d at 830-31. Privity existed in Bowen because the party against whom collateral estoppel was applied, the defendant, was identical in both proceedings. Id . By contrast, here, as in Elliott , there is no privity between the party against whom collateral estoppel is asserted (WYDOT), and the party to the previous litigation (the City). The third element of collateral estoppel has not been met.
[¶21] The final requirement for the application of collateral estoppel is that the party against whom collateral estoppel is asserted must have had a "full and fair opportunity to litigate the issue in the prior proceeding." Kroenlein Trust , ¶ 40, 357 P.3d at 1134. As we recognized above, supra ¶13, the issue of the validity of the BAC test results *123 was not litigated in the prior proceeding. WYDOT was not a party and did not have privity with the City in the prior proceeding. WYDOT had no opportunity to litigate the admissibility of the BAC test results in the criminal matter and the fourth requirement of collateral estoppel is also unsatisfied.
CONCLUSION
[¶22] Collateral estoppel does not bar the OAH from considering the BAC test in the administrative license revocation proceeding. We affirm.

Collateral estoppel is also referred to as "issue preclusion." See, e.g. , Restatement (Second) of Judgments ch. 1, Relation Between Law of Res Judicata and Law of Procedure, Westlaw (database updated October 2018).